N. B. HERRING v. W. H. HARDISON.

(Decided February 27, 1900.)

*Sale of Growing Timber.*

1. A sale to defendant of all pine and poplar timber measuring 10 inches and above on the stump when cut (for mill logs), now growing on a certain described tract of plaintiff, confines the defendant to the cutting of all pine and poplar trees of the required size and suited for milling purposes, and no other trees, and he may convert such trees into lumber, cord-wood, or otherwise as he may prefer.

2. The term *"for mill logs"* is descriptive of the trees that may be cut, and does not restrict the use of such logs by the defendant.

ACTION pending in EDGECOMBE Superior Court for injunctive relief against the alleged breach of contract in cutting growing timber heard before *Bryan, J.,* at Chambers, December 21, 1899.

His Honor restrained the defendant from cutting and removing from the lands described in complaint any trees other than pine and poplar timber which measures ten inches at the stump when cut. Plaintiff excepted and appealed. The contract, contentions of the parties, and construction by the Court are stated in the opinion.

*Messrs. Jacob Battle* and *Shepherd & Shepherd,* for appellant.

*Messrs. John L. Bridgers,* and *Gilliam & Gilliam,* for appellee.

FAIRCLOTH, C. J. The plaintiff contracted and sold to the defendant "all of his estate, right, title and interest in and to all pine and poplar timber measuring ten inches and above on the stump when cut (for mill logs) now growing, being and situated upon a certain tract of land in Edgecombe County," described as follows, etc.

The plaintiff insists that the defendant can only cut pine and poplar trees measuring ten inches at the stump, for the purpose of converting the logs into lumber. The defendant claims the right to cut all pine and poplar trees, fitting the description in size, and to convert the logs into lumber, wood or otherwise, as he may prefer.

The injunctive order appealed from restrains the defendant "from cutting and removing from the land described in the complaint *any trees other than pine and poplar timber which measures ten inches at the stump when cut,*" and the order is continued till the final hearing.

In the absence of any direct authority, we must construe the language in the contract reasonably, as it appears to us, and that is that the defendant may cut all pine and poplar trees of the required size and suited for milling purposes, i. e., for lumber, and no other trees, and that he may convert such trees into lumber, wood or otherwise as he may prefer. In this view the plaintiff is compensated, and retains all his pines and poplar trees unsuited for milling purposes, and the defendant is allowed to do as he chooses with his own. The term "for mill logs" is descriptive of the trees that may be

cut, and does not restrict the use of such logs by the defendant. The order appealed from is affirmed with this modification.

Modified and affirmed.