## GLENN v. JAMISON.

Deed.—The deed herein construed to carry a fee simple to grantee.

Before EARLE, J., Pickens, April, 1896. Affirmed.

Action in foreclosure by John M. Glenn, as administrator of W. D. Glenn, against John J. Jamison, M. J. Jamison, Margaret Keisler, John M. Hendrix, J. F. Hendricks, H. B. Hendricks, Mary Ann O'Dell, and C. L. Hollingsworth.

The following is the deed in question:

This indenture, made the 11th day of December, in the year of our Lord 1880, between Margaret Keasler, of Pickens County, in the State of South Carolina, of the first part, and Malinda Jane Hendricks, of the same place, of the second part, witnesseth: That the said party of the first part, for and in consideration of the love and affection which I have and bear unto the said party of the second part, and

for the further consideration of the sum of $256, lawful money of the United States, to her duly paid before the delivery hereof, hath bargained and sold, and by these presents doth grant, bargain, and convey to the said party of the second part, her heirs and assigns, forever, all that certain piece or parcel of land, lying and being situate in the said county of Pickens, in the State aforesaid, known as my farm, whereon I now reside, containing 280 acres, more or less, and bounded by lands owned by Job Smith, James Hendricks, and Wm. Hunter, together with all and singular the tenements, hereditaments, and appurtenances thereunto belonging: Provided, nevertheless, these presents are upon the condition that should the said party of the second part die, leaving no lawful issue of her body, then and in that event the said lands hereby conveyed shall go equally to my two daughters, Laura E. Dark and Carrie Jamison, and their heirs forever: And provided further, that these presents are upon the further condition, that the said party of the first part and her husband, Henry Keasler, are to be allowed to reside at their present home on said land for and during her and his natural lifetime, and shall have the right of making her and his support thereon, or shall receive such support from her, the party of the second part. To have and to hold all and singular the above mentioned and described premises, together with the appurtenances, unto the said party of the second part, her heirs and assigns, forever, subject to the conditions and limitations herein before expressed. And I do hereby bind myself, my heirs, executors, administrators and assigns, to warrant and forever defend all and singular the said premises unto the said party of the second part, her heirs and assigns, against me, my heirs and assigns, and every other person or persons lawfully claiming or to claim the same or any part thereof. In witness whereof I have hereunto set my hand and seal, this the 11th day of December, in the year of our Lord 1880, and in the 105th year of the sovereignty and independence of the United States of America. Margaret (her x mark) Keasler. [L. S.]

Signed, sealed and delivered in the presence of George E. Robinson, Tyler H. Moore.

The Circuit decree is as follows:

This case was heard by me at the March term of the Court, 1896, for Pickens County, on the pleadings, testimony and report of the special referee, J. J. Lewis. It is an action for the foreclosure of a mortgage made to plaintiff's intestate, W. D. Glenn, by the defendants, John J. Jamison and wife, M. J. Jamison, dated the 3d day of March, 1892, to secure the payment of two notes, one for the sum of $348.74, payable on the 1st day of January, 1893, and the other for the same amount, payable on the 1st day of January, 1894, with interest from date at eight per cent. per annum, together with ten per cent. attorney's fees for collection.

The answer of the defendant, C. L. Hollingsworth, shows that he is the owner and holder of the following notes: One dated the 15th day of February, 1890, for $145, payable one year from date, with interest at ten per cent. per annum until paid; signed by M. J. Hendricks, Mrs. L. E. Cummings, John J. Jamison, Margaret Keasler. Second note, dated 5th day of January, 1891, for $300, payable on the 1st December, 1891, with interest after maturity at eight per cent., computed and made principal annually until paid, payable to John J. Jamison, and assigned by him to C. L. Hollingsworth on the 13th day of January, 1891. Third note, dated 28th day of January, 1893, made by Mrs. M. J. Jamison, Mrs. L. E. Cummings, and Margaret Keasler, for $150, payable one year from date, with interest from date at eight per cent. per annum until paid in full, together with ten per cent. attorney's fees, made to J. J. Jamison, and assigned by him to C. L. Hollingsworth. And fourth note, made on June 16th, 1894, by John J. Jamison, M. J. Jamison, L. E. Cummings, and Margaret Keasler, for $100, payable six months after date, with interest from date at eight per cent., computed annually until paid, including ten per cent. attorney's fees for collecting.

All the foregoing notes are secured by mortgages of the real estate mentioned and described in the complaint, and the mortgages held by the defendant, Hollingsworth, are signed by all the makers of said notes. The defendant, Keasler, insisted that she had a life estate in the premises sought to be foreclosed, and the defendant, Cummings, insisted that she had a contingent remainder therein, and it appearing to the Court that if this contention was true, then the heirs at law of Carrie Jamison had a like interest under the deed made by Margaret Keasler to Malinda Jane Hendricks (known in these proceedings as M. J. Jamison) on the 11th day of December, 1880, recorded in book "E" at page 131, which was in evidence in this case. On this state of facts appearing to the Court, on the 11th of July, 1895, James Aldrich, presiding Judge, passed the following order, to wit: "On hearing the pleadings and evidence in this case, the report of the master, and the deed from Margaret Keasler to Malinda J. Hendricks, now Jamison, and after argument of counsel: Ordered, that the remaining heirs at law of Carrie Jamison, *nee* Hendricks, be made parties defendant to this case, and they be served with copies of the summons and complaint herein." All of said heirs were duly served more than twenty days before the hearing of this case, and have made default. So the principal question before the Court is the construction of the said deed. I hold that Malinda Jane Hendricks took a fee simple estate under the deed of Margaret Keasler. *Edwards* v. *Edwards*, 2 Strob. Eq., 101; *Allen* v. *Folger*, 6 Rich., 54; *Adams* v. *Chapin*, 1 Hill Ch., 265; *Ex parte Yown*, 17 S. C., 536.

Now, on motion of Julius E. Boggs, plaintiff's attorney, it is ordered, that the report of the special referee, J. J. Lewis, filed the 24th day of June, 1895, be confirmed.

*Messrs. Cothran, Wells, Ansel & Hollingsworth*, for appellants, cite: 20 S. C., 428; 6 S. C., 484; 29 Ala., 478 and 495; 151 Pa. St., 383; 17 S. W. R., 208; 97 Mass., 77; 41

N. E. R., 126; 17 S. C., 536; 6 Rich., 54; 16 S. C., 303; 12 S. C., 565.

*Mr. Julius E. Boggs*, contra, cites: 2 Strob. Eq., 101; 6 Rich., 54; 17 S. C., 536; 11 Rich., 515.

Feb. 23, 1897. The opinion of the Court was delivered by

MR. JUSTICE GARY. The plaintiff in this action seeks to foreclose a mortgage upon real estate executed by the defendants, John J. Jamison and his wife, M. J. Jamison, to W. D. Glenn, plaintiff's intestate, on 3d March, 1892. The facts are set forth in the decree of his Honor, Judge Earle, which (except the decretal part thereof) will be set out in the report of the case.

The only question raised by the exceptions is whether his Honor was in error in his construction of the deed, which will also be incorporated in the report of the case. The appeal involves a rule of property which has been followed by the Courts of this State for many years. Whenever an effort is made to disturb a settled rule of property, the reasons for so doing must be very strong. The research of appellants' attorneys into the history of the law upon this question has failed to convince the Court that this long established rule of property should be changed, nor does this Court think that the distinctions, which he attempts to draw between this case and the cases upon which the Circuit Judge rested his decree, are well founded. The cases cited by the Circuit Judge fully sustain his conclusions, and the appeal must, therefore, be dismissed.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.