## 8448.

### EGAN v. TOUCHBERRY.

DEEDS—LIMITATION OF ESTATES.—Where a deed conveys to grantee a fee simple absolute, and thereafter reserves to grantor and his wife the benefit of the estate for life, and directs that at death of grantee the land should be disposed of and proceeds divided among his surviving children or the next of kin, the grantee takes a fee simple absolute.

Before GAGE, J., Richland, Fall term, 1912. Affirmed.

Action by Charles E. Egan and Annie Haseltine Egan against E. C. Touchberry. Defendant appeals.

*Mr. J. H. Hammond,* for appellant.

*Messrs. Weston & Aycock,* contra.

March 14, 1913. The opinion of the Court was delivered by

Mr. Justice Watts.　This is an appeal from an order of his Honor, Judge Gage, in overruling a demurrer interposed by defendant to plaintiff's complaint alleging that they are seized in fee and possessed of certain real estate by reason of a deed duly executed and delivered to them, and set out in the complaint is a copy of the deed, and that they contracted to sell and defendant contracted to buy the said property, on terms mutually satisfactory, for the sum of two thousand ($2,000) dollars.　That the plaintiffs duly tendered to the defendant a deed to the said premises, which defendant refused to accept, and also refused to pay the purchase price, as agreed upon, and plaintiffs, by prayer of the complaint, demand that defendant be required to comply with the contract and pay the plaintiffs the sum agreed upon and receive the deed.

Defendant demurred to the complaint on the ground that it appeared on the face thereof that the statement of facts do not constitute a cause of action, in that the recitation in the instrument under which plaintiffs claim title to the premises shows that their interest was but a life estate in the property. The deed set out in the complaint reads:

"State of South Carolina, County of Richland.

"This indenture made the 22d day of June, 1877, between Charles M. Dansby, of the first part, and Annie Haseltine Egan and Charles C. Egan, of the second part, residents of the county and State aforesaid, witnesseth: That the said Charles M. Dansby as well for and in consideration of the natural love and affection which he, the said Charles M. Dansby, beareth unto and towards the said Annie Haseltine Egan, his beloved daughter, and Charles C. Egan, husband of said daughter, Annie Haseltine Egan, as also for the maintenance, support and livelihood hath given, granted, aliened, and enfeoffed and confirmed, and by these presents doth give, grant, alien and enfeoff and confirm unto the said Annie Haseltine Egan and Charles C. Egan, subject, nevertheless, to the mortgage held by Hiram W. B. Cross,

of the county and State aforesaid, all that tract or parcel of land situate, lying and being in the county and State aforesaid, said to contain 154 acres, more or less, and bounded by the lands of Jesse House, late Ison House, Gilbert Garner and estate of Singleton, being the land of the late Robert Brady, died, possessed and which was purchased by Alonzo Reese, of the city of Columbia, from Phenias F. Frasee, sheriff of the county and State aforesaid, on the third day of May, Anno Domini 1869, and by him sold to late S. Sheridan, merchant of the city of Columbia, and from him purchased by said Charles M. Dansby.

"To have and to hold the said property together with all and singular the rights, members, hereditaments and appurtenances, to the said premises belonging, or in anywise incident, or appertaining. To have and to hold all and singular the premises before mentioned, unto the said Annie Haseltine Egan, and Charles C. Egan, their heirs and assigns forever, from and against all former and other gifts, grants, bargains, sales, jointures, dowers and estates, and from and against all former and other titles, troubles, charges and incumbrances, whatsoever had, done or made, or suppose so to be by him, the said Charles M. Dansby, his heirs and assigns, or to claim, by, from or under him, them or any of them.

"Provided, nevertheless, That I, the said Charles M. Dansby, shall enjoy the said tract of land, and benefits derived therefrom, during the time of my natural life, and in case of my wife, Nancy Agnes Dansby, surviving me, when she shall, during the time of her natural life, derive the benefits of said profits.

"And further, that the property aforesaid shall on the death of my said daughter, Annie Haseltine Egan, and her said husband, Charles C. Egan, shall be disposed of for the benefit of their surviving children born in lawful wedlock, or the next of kin.

"In witness whereof I have the day and year above written and the one hundred and one year of American independence set my hand and seal."

The only question raised by the exceptions is whether his Honor, the Circuit Judge, was in error in overruling the demurrer interposed by the defendant and in his construction of the deed.

As was said by Mr. Justice (now Chief Justice) Gary in *Glenn* v. *Jamieson,* 48 S. C. 320, 26 S. E. 677, "The appeal involves a rule of property which has been followed by the Courts of this State for many years. Whenever an effort is made to disturb a settled rule of property, the reasons for so doing must be very strong." In this case, the Circuit Judge construed the deed to carry a fee simple to grantee and cited the case of *Edwards* v. *Edwards,* 2 Strob. Eq. 101; *Allen* v. *Folger,* 6 Rich. 54; *Adams* v. *Chapin,* 1 Hill Ch. 265; *Ex parte Yown,* 17 S. C. 536, and in the opinion of Mr. Justice Gary, *supra,* it was held that these cases fully sustained the conclusion reached by the Circuit Court and the judgment was affirmed.

In the case of *Clinkscales* v. *Clinkscales,* 91 S. C. 59, which was a similar deed to the one in question here, this Court construed it to convey a fee simple absolute to the grantee. Mr. Justice Woods, in his opinion, says: "The question is whether, subject to the reservation of the use of the land to the grantor and his wife, the daughter, Isabella, took a fee simple absolute, or a fee simple defeasible on her death without bodily heirs, or a fee conditional. We agree with the Circuit Judge that it is settled by authority that Isabella took a fee simple absolute." *Edmunds* v. *Edmunds,* 2 Strob. Eq. 101; *Allen* v. *Fogle,* 6 Rich. 54; *Ex parte Yown,* 17 S. C. 536; *Glenn* v. *Jamieson,* 48 S. C. 316, 26 S. E. 677; *Chavis* v. *Chavis,* 57 S. C. 173, 35 S. E. 507.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.