# 9156

## SMITH v. CLINKSCALES *ET AL.*

### (85 S. E. 1064.)

DEEDS. CONSTRUCTION. FEE DEFEASIBLE. LIMITATIONS OVER. TRANS-
MISSIBLE INTEREST.

1. CONTRACTS—CONSTRUCTION—INTENTION.—The purpose of construc-
tion is to ascertain the intention as gathered from the whole instru-
ment and to give effect, if possible, to every clause and word, if it
can be done without violating any settled rule of law.

2. CONTRACTS—CONSTRUCTION—REPUGNANT CLAUSES.—Of two irrecon-
cilable repugnant clauses, the first shall prevail, though this rule is
to be applied only when all reasonable modes of reconciling the
apparent repugnancy have failed, and subject to the rule that the
intention gathered from the whole instrument shall prevail.

3. DEEDS—ESTATES AND INTERESTS CREATED—DEFEASIBLE FEE.—A deed
conveyed one-half of a plantation to each of the grantor's two sons
"in the following way and manner and with the limitations and reser-
vations below expressed," to be held in severalty, with a limitation
that, if either should die leaving no issue living at his death, his
brothers and sisters should take his share "to them, their heirs and
assigns, * * * in fee simple," to be held to the sons respectively and
their heirs and assigns respectively, with warranty to them and to
their heirs and assigns. At the date of the deed, the grantor had,
besides the two sons named therein, two daughters, both of whom
predeceased him intestate, each leaving one child as her only heir at
law. One of the sons surviving the grantor died without issue and
by will devised his share to his brother. *Held,* that the grantor did
not intend that the deceased son should take a fee simple absolute,
but that if he left no issue the entire estate should go to the grantor's
other children and their heirs, so that the deceased son took a defeas-
ible fee, defeated on his death without issue.

4. DEEDS—FEE—LIMITATIONS.—Under such deed, the limitation over was
not void as in violation of the rule that a fee cannot be limited after
a fee in a common law conveyance, since it was not a fee to take
effect after the limitation to the deceased son and his heirs, but a
fee to take effect in place of, or by substitution for another, which
depended upon the contingency of the son's leaving issue.

5. DEEDS — DEFEASIBLE FEE — REMAINDER — AFTER-BORN CHILDREN. —
Under such deed, the grantor by limiting the estate over, on the
death of a son without issue, to his "brothers and sisters, their heirs
and assigns," intended to provide for his children then in existence,
and their heirs, so that, where his two daughters predeceased him
leaving heirs, the grandchildren were excluded, as the use of the
plural word "brothers" could not imply an intention to provide for
the after-born, not to let them into the distribution, but solely for

the purpose of making the existence of the remaindermen constitute the contingency upon which they were to take.

6. DEEDS—CONSTRUCTION.—A grant by deed to A and B, brothers in severalty, with the express limitation that if either should die, leaving no issue living at the time of his death, his brothers and sisters shall take his moiety to them, their heirs and assigns in fee simple, with *habendum* to A and B, "and their heirs and assigns respectively, subject to limitation over their brothers and sisters as aforesaid," with warranty to A and B of the premises granted and released to them as aforesaid, and to their heirs and assigns, gave to A a defeasible fee, which was defeated on his death without issue, when the substitutional fee vested in the brothers and sisters in existence at the time of the execution of the deed and their heirs, the child and heir of such sister, who predeceased A, taking upon his death the interest which such sister would have taken if then living.

Before GARY, J., Abbeville, September, 1914.　　Reversed.

Action by Florence Sullivan Smith against James F. Clinkscales and Ellen Sherard Thomson to recover an undivided interest in real property, and to partition the same. From an order sustaining a demurrer to the complaint, the plaintiff and Mrs. Thomson appeal.

The order of the Circuit Judge was as follows:

This suit was instituted by the plaintiff for the partition of certain real estate, particularly described in the complaint, between the plaintiff, the defendant, James F. Clinkscales, and Mrs. Ellen Sherard Thomson. The real estate was at one time owned by Albert J. Clinkscales who, by deed bearing date the 29th of February, 1876, granted the said land to his two sons, John T. and James F. Clinkscales. John T. died without issue. He devised the land granted to him by the said deed to James F. At the time the deed was executed Albert J. Clinkscales and his wife, who has since died at the age of eighty-three years, had four children living, to wit: James F., John T., Ellen, the mother

FOOTNOTE.—As to effect of other language in deed to cut down estate conveyed by granting clause, see note in 12 L. R. A. (N. S.) 956.

of plaintiff, and Elizabeth C. Sherard, the mother of the defendant, Ellen Sherard Thomson. Both the daughters predeceased Albert J. Clinkscales and his wife. At the time of the death of John T. the only brother or sister he had living was James F. His two predeceased sisters each left a daughter, to wit, the plaintiff and Ellen Sherard Thomson. The complaint alleges that James F. and these two nieces now own the land which was granted to John T. by his father, and a partition between these three alleged owners is asked for by the plaintiff. James F. demurs to the complaint on the ground that it does not state a cause of action in that the complaint shows on its face that James F. is the owner of the land in *fee simple,* absolute.

It is conceded in the argument of counsel that the judgment of the Court upon the demurrer must depend upon the construction of the deed above referred to. The deed is made a part of the complaint, as is also the will of John T. Clinkscales, who died in November, 1912, leaving neither wife, children nor any descendants surviving him. The land granted in the said deed was divided between the said John T. and James F. as directed by the deed, each taking possession of his *moiety.* In construing the deed we will only refer to the *moiety* of John T. and not to the *moiety* of James F.

Before the plaintiff can maintain the action it must appear that she has an interest in the land sought to be partitioned. If the complaint shows on its face that the absolute fee is in James F. Clinkscales, the plaintiff must go out of Court regardless of whether that fee was conferred on him by the will of John T. or whether it has come to him by reason of the fact that he is the sole surviving member of a class of persons who, under the terms of said deed, would take the fee upon the happening of a particular event, which event happened.

Let us see, then, what estate was granted by Albert J. Clinkscales to John T. by this deed of February 29th, 1876.

Upon this question the numerous attorneys in this case have many and widely different views.

The words of the premises of the said deed are: "I, Albert J. Clinkscales, for the natural love and affection I have and bear for my two sons, James F. Clinkscales and John T. Clinkscales, have granted, bargained, sold and released unto the said James F. Clinkscales and John T. Clinkscales (here follows a description of the property), and with the limitations and reservations below expressed, namely (here directions are given as to a division), and when so divided, the said *moieties* and parts will be held in severalty by the said James F Clinkscales and John T. Clinkscales, respectively, with this limitation, that if either the said James F. Clinkscales or John T. Clinkscales should die leaving no issue living at the time of his death, the brothers and sisters of the said James F. and John T. who may die without issue aforesaid, shall take, have and hold such lands to them, the said brothers and sisters, their heirs and assigns as tenants in common, in fee simple" (with certain reservations to A. J. Clinkscales). The *habendum* is as follows: "To have and to hold all and singular the said premises and *moieties* when division is made as aforesaid to the said James F. Clinkscales and John T. Clinkscales, respectively, and their heirs and assigns, respectively, subject to the limitations over to their brothers and sisters as aforesaid, and reservation and use to Albert J. Clinkscales as aforesaid." Then follows a general warranty to James F. and John T. Clinkscales and to their heirs and assigns against all persons.

It may be laid down as an established principle of construction, that where there are no words of inheritance in the premises, in which case the grantee will take only a life estate by implication, then resort may be had to the terms of the *habendum* to ascertain the quantity of the estate intended to be conveyed, and those terms may, if sufficient, rebut such implication; and that in the exposition of deeds the construction must be upon the view and comparison of the whole

instrument and with the endeavor to give every part of it meaning and effect.

A careful analysis on the premises in the deed before us shows that there was granted to John T. Clinkscales the land in dispute without words of inheritance, but in case of his death without issue the fee is vested in his brothers and sisters. The fee is not disposed of, however, except upon the contingency named. Where the grant is indefinite from its generality in respect to the estate in the lands conveyed, which it is intended to create in the grantee, the *habendum* serves to define, qualify or control it.

Looking, then, to the *habendum* we find that the grantor has by appropriate words of inheritance enlarged what was by implication, a life estate, in John T. Clinkscales with a possibility of a fee vesting in his brothers and sisters, into an absolute fee in John T. Clinkscales. We have, then, a deed granting the fee to John T. Clinkscales with conditions annexed that tend to reduce or cut down the absolute estate given to a base, or determinable or defeasible estate. Conditions are of two kinds, conditions precedent, and conditions subsequent. A condition precedent, is a condition upon the happening of which an estate will vest. A condition subsequent, defeats an estate already vested. In the case before us the condition referred to is a condition subsequent, in so far as the estate granted to John T. Clinkscales is concerned; and it must, therefore, be governed by the rules governing conditions subsequent.

Generally, to be valid they must not be repugnant to the estate given or devised. They must not be an exception to the very thing, that is, to the substance of the gift; if so, they are void, and the estate granted will stand unaffected by such condition. A condition subsequent, inconsistent with and repugnant to, the amplitude of the powers of the estate granted, is void, and, therefore, no condition. 2d Blackstone's Com. and 2d Washburn on Real Property. We have seen that the deed granted the fee to John T. Clink-

scales, conditions being injected into the grant. Let us see, then, if the conditions are repugnant to the fee granted.

The power of alienation belongs to a fee, in fact, it is the very essence of a fee. The condition herein referred to, is inconsistent or repugnant to the fee granted, for, if effect should be given to the condition, it was beyond the power of John T. Clinkscales to alienate the land, notwithstanding the fee was in him; and, it could not be known until after his death whether or not he might exercise the right of disposing of the property by will. "A legal estate in fee simple cannot by the terms of its creation be made subject to a provision that it shall not be transferred by its owner; and this is the case, whether such a provision takes the form of a condition, special limitation, or executory limitation, etc. Tiffany on Real Property, vol. II, page 499, section 500."

The condition in the deed before us is a direct and positive restriction upon the power of alienation. The deed grants the fee, but the condition strikes at the very substance of this fee, and, if valid, would take away and destroy its most important and essential quality—the power of sale. A fee may be defeated by a condition which is independent of the estate granted and upon the happening of which the estate is lost; but a condition, the effect of which is to cut down a fee to a less estate, is void because repugnant to the fee. Such is the character of the provision in this case. *Moore v. Sanders,* 15 S. C. 442.

We are aware that from the earliest time the decisions are uniform, that where there is a clear and manifest repugnance between the *premises* and the *habendum* clauses of a deed, the former must prevail; and that the doctrine is no less well recognized and maintained now than in the days of Coke and Sir Matthew Hale. The view we have taken of the deed in nowise contravenes this well known rule of property, for it will be observed that the grantor, has in the premises given to John T. Clinkscales a life estate by *implication,* which implication is destroyed by the positive lan-

guage of the *habendum* and warranty clauses.    As was well said in a case from another State, "The rule just referred to gives way, of course, as all rules of construction must, where there is one clear and unmistakably expressed intention. Rules of construction are intended only to assist in ascertaining intention, and must not be perverted into defeating it; but where two repugnant intentions have been expressed with equal clearness in the instrument, some rule of construing it must be adopted.    The particular rule under consideration here will not apply where but one plain intention can be deduced from the instrument as a whole, and that intention must prevail whether it be discovered in the first or last clause of the instrument; nor has it any application where no particular estate is expressed in the granting clause, so that the habendum may be regarded as fixing that which was before uncertain, or where the habendum enlarges the estate conveyed by the premises, or speaking, generally, wherever it can fairly be said that the effect of the habendum is merely to enlarge or explain or qualify the estate granted, without contradicting or nullifying it."

Having reached the conclusion that we need not violate or disregard the rule just mentioned, in order to conclude that the grantor has granted the fee to John T. Clinkscales, we may here quote as applicable what was said in *Maker* v. *Lazell,* 83 Me. 562, 29 Atl. 474, 23 Am. St. Rep. 795, viz.: "There is one rule pertaining to the construction of deeds as ancient, general, and rigorous as any other.    It is the rule that a grantor cannot destroy his own grant, however much we may modify it or load it with conditions, the rule, that having once granted an estate in his deed, no subsequent clause even in the same deed, can operate to nullify it.   11th Bacon's Abridgment, Sheppard's Touchstone 79, 102.   We do not find that this rule has ever been disregarded or even seriously questioned by Courts.    We find it often stated, approved, and sometimes made a rule of decision.    In *Marboro* v. *Godolphin,* 2d Ves. Sr. 74, Lord Chancellor Hard-

wick: 'In whose judgments equity shone resplendent,' declared that the Courts should not adopt such a construction of an instrument of devise as would defeat the interest given. In *Cholmondly* v. *Clinton,* 2d Jac. W. 84, which was a case most elaborately argued and considered, it was said by the Court that, where a limitation in a deed is perfect and complete, it cannot be controlled by intention collected from other parts of the same deed." .

Not only is this the rule in other States, but has been a recognized rule of property in South Carolina since the advent of jurisprudence.

"An estate in fee simple is the entire and absolute property of the subject, and, therefore, when one grants such an estate, he can make no further disposition of the property for he has already granted the whole and entire interest that is possible for him to have." 2d Minors' Institutes 72.

This language was quoted with approval in *Chavis* v. *Chavis,* 57 S. C. 177, 35 S. E. 507. This or similar statements of the doctrine have been approved in *Edwards* v. *Edwards,* 21 S. C. Eq. (2d Strob. Eq.) 101; *Allen* v. *Folger,* 40 S. C. L. (6th Rich.) 54; *Ex parte Yown,* 17th S. C.; *Glenn* v. *Jamison,* 48th S. C. 316, 26 S. E. 677; *Clinkscales* v. *Clinkscales,* 91st S. C. 59, 74 S. E. 12; *Eagan* v. *Touchberry,* 93 S. C. 569, 77 S. E. 706; *Browning* v. *Hoover,* 95 S. C. 32, 78 S. E. 521; *Adams* v. *Chaplin,* 10 S. C. Eq. (1st Hill's Chancery) 265, and in many other cases. The principles and the facts upon which these decisions were made are so generally known and recognized by the profession that a particular statement as to each case is unnecessary and would protract this order to an unreasonable length. But it may be said that without exception the cases recognize the principles referred to.

We conclude, therefore, that the deed from Albert Clinkscales to John T. Clinkscales grants to John T. Clinkscales the absolute fee in the lands sought to be partitioned; that the said John T. devised the said lands to James F. Clink-

scales, who is now the absolute owner in fee thereof under the said devise.

The demurrer should be sustained.

But even if I am in error in the above reasoning, and even if the condition in the deed from Albert J. to John T. Clinkscales should be held to be valid, the same final conclusion must be reached for the following reasons: The premises give the property to John T. Clinkscales with the limitation that if he should die, leaving no issue living at the time of his death, the brothers and sisters of the said James F. Clinkscales and John T. Clinksales who may die without issue aforesaid shall take and hold such lands, to them, the said brothers and sisters, their heirs and assigns, as tenants in common, in fee simple (with certain reservations to the grantor). The premise just quoted grants to the sisters and brothers of John T. Clinkscales, a fee upon the happening of a particular event, which event has happened. The grant is to a class of unascertained persons. Upon the happening of the event, only James F. Clinkscales answered the description. He took the estate, therefore, *per formam doni.*

In gifts to unascertained classes the rule is, that all who constitute the class at the period when the provision takes effect, whether in being at the date the instrument is executed or born afterwards, are entitled to take the estate, and only those who are living can take. *Cole* v. *Creyon,* 10 S. C. Eq. (1st Hill's Chancery) 311; *Clark* v. *Clark,* 19 S. C.; *Shanks* v. *Mills,* 24 S. C. 362.

Only those of the class in existence at the period when the provision takes effect are entitled to the estate, the predeceased ones or their representatives are excluded. *Hayne* v. *Irvine,* 25 S. C. 289; *Corbett* v. *Laurens,* 26 S. C. Eq. (5th Rich. Eq.) 301. None are entitled but those that can bring themselves within the description, at the happening of the contingency. *Lowry* v. *O'Bryan,* 25 S. C. Eq. (4th Rich. Eq.) 262.

There are many other decisions to the same effect, but it is unnecessary to quote further.

So whether we regard the condition in the deed from Albert J. Clinkscales to John T. Clinkscales as an unavailing attempt to modify or make defeasible the fee that was granted, or, whether we regard it as a valid vesting of the fee in his "brothers and sisters" upon the happening of an event, which event did happen, the fee simple absolute is now in James F. Clinkscales and the plaintiff cannot maintain this suit.

It is, therefore, ordered, adjudged, and decreed, that the demurrer herein be sustained and the complaint dismissed."

The exceptions were as follows:

I. Because his Honor erred in holding that John T. Clinkscales took a fee simple absolute under the deed involved, which passed to his brother, James, by will, whereas said John T. Clinkscales took only a life estate, or at most a fee determinable or fee defeasible thereunder.

II. Because his Honor erred in holding in effect, in this connection, that a fee defeasible cannot be created by deed in this State, since the so-called condition of defeasance, according to his Honor's holding, "is repugnant to the fee granted," and it is "beyond the power of (grantee) to alienate the land, notwithstanding the fee is in him;" whereas, such defeasible fees can be and are freely and lawfully created by deed in this State. We respectfully submit that it is error to hold that conditions or limitations cannot be annexed to a fee, "tending to reduce or cut down the absolute estate given to a base, or determinable or defeasible estate."

III. Because his Honor erred, in this connection, in holding in effect that the limitation annexed to the estate of John T. Clinkscales was repugnant to the estate granted, creating a condition that is "an exception to the very thing, that is, to the substance of the gift," and that it is therefore

void; whereas there is no real repugnancy to the estate that the grantor intended to convey to the said John T. Clinkscales, and the clauses can be harmonized.

IV. Because his Honor erred, in this connection, in holding in effect that there was a condition subsequent annexed to the estate granted to John T. Clinkscales, which condition is in restraint of alienation, and, therefore, void, whereas the limitation or so-called condition is not in restraint of alienation of the estate that was actually granted in the said deed to the said John T. Clinkscales.

V. Because his Honor erred, in this connection, in holding in effect that it is never permissible for a grantor in a deed to destroy his own grant, and that "having once granted an estate in his deed, no subsequent clause, even in the same deed, can operate to nullify it," and in holding that this is a rule of property "recognized * * * in South Carolina since the advent of jurisprudence;" and yet proceeding in the same opinion to nullify the grant in the premises to the brothers and sisters of John T. Clinkscales, their heirs and assigns.

VI. Because his Honor erred in holding that if he was in error in holding that John T. Clinkscales took a fee simple absolute under the deed, which would pass to James by John T.'s will, yet James would take under the limitation in the deed the entire fee in the John T. Clinkscales moiety of the land described, being the only person of the class therein named, and the only person answering the description "brothers and sisters" at the death of John T. Clinkscales. We respectfully submit that the said James F. Clinkscales could not take such future estate under the deed; such future estate could take effect, if at all, only by way of remainder, or by way of executory limitation. It could not take effect as a remainder if a fee was granted to John T. Clinkscales, because a fee cannot be limited after a fee, whether a fee simple absolute or a fee defeasible; and it could not take effect by way of executory limitation, for an executory limi-

tation cannot be created by deed in this State. Further-
more, the deed speaks as of the date of delivery, and in any
event, if it be possible to give effect in the deed to such future
estates, the two sisters of John T. Clinkscales would take
their share.

VII. Because his Honor erred in not sustaining the con-
tention that the two appellants, Mrs. Smith and Mrs. Thom-
son, took each an undivided one-third interest in fee simple
in the land involved in this controversy; since the fee simple
absolute of the construction of the provision for John T.
Clinkscales is impossible, the said John T. took either a fee
defeasible or a life estate; if he took a fee defeasible, then
upon the death of John T. Clinkscales without leaving issue
at his death, the real estate reverted to the grantor and
passed to his heirs under the statute of distributions; but,
if John T. Clinkscales took only a life estate, then his sisters
took transmissible contingent remainders, which have been
transmitted to these appellants who were their only heirs.

VIII. Because his Honor erred in not overruling the
demurrer and in not holding that the facts stated in the
complaint constituted a cause of action against the defend-
ant and under the deed of Albert J. Clinkscales the plaintiff
was entitled to an interest in the said estate.

*Messrs. McCullough, Martin & Blythe,* for plaintiff-
appellant, submit: *The deed created a determinable fee, and
not an estate upon condition:* 1 Washb. Real Prop. (4th
ed.) 88, 89; 15 L. R. A. 231; Challis, Real Prop. 197; 14
Gray 586-612; Plowd. 557; 1 Preston, Estates 475; 3 Gray
146. *Regard to intention:* 39 S. C. 274; 42 S. C. 342.
*Distinction between antecedent and subsequent clauses limit-
ing grant:* 23 Am. St. Rep. 295; 2 Strob. Eq. 101; 1 Hill
Ch. 263; 6 Rich. Eq. 54; 48 S. C. 320; 57 S. C. 177; 91 S.
C. 59; 93 S. C. 569; 95 S. C. 32. *Compared with:* 14 Rich.
Eq. 277; 4 McC. 198, 200; 9 A. & E. Ency. Law 139, 140;
13 Cyc. 551; 17 S. C. 536; 94 S. C. 1 and 57 S. C. 173,

distinguished.    *Qualified fee:* 1 Washb. R. P. (4th ed.) 89
and 100; 12 Black Com. 113; 2 Preston, Estates 358, 360;
15 L. R. A. 231, 233.    *Defendant cannot take as sole sur-*
*vivor of class:* 24 A. & E. Enc. of L. 380, 381.    *Executory*
*limitation cannot be sustained in a deed:* 83 S. C. 270; 17
S. C. 537; 16 S. C. 303; 14 S. C. 271; 2 Hill Ch. 552.

*Mr. William P. Greene,* for defendant- appellant, submits:
*Under the grant the brothers and sisters then in existence*
*took transmissible interests:* 66 S. C. 370; 23 S. E. 224; 17
S. C. 52; 44 S. C. 503; 2 Hill Ch. 638; 10 Rich. Eq. 394; 4
Strob. 37; 23 S. C. 225; 26 S. C. 450; 1 Hill Ch. 311 and 2
Hill Ch. 41 conflict with Dudley's Eq. 201; 59 S. C. 15; 27
S. C. 486; 28 S. C. 125; distinguished; rule stated in
Fearne, Remainders: 239; 2 Washb. R. P. 588, *pp. 261,
264.

*Messrs. Cothran, Dean & Cothran,* for respondent, sub-
mit: *A., the grantee, took a fee simple:* 48 S. C. 316; 2
Strob. Eq. 101; 1 Hill Ch. 265; 6 Rich. 54; 17 S. C. 532;
57 S. C. 175; 15 S. C. 440; 23 S. C. 235; 94 S. C. 1; 93 S. C.
569; 91 S. C. 59.    *The interest given to brothers and sisters,*
*upon death of A without issue, was not transmissible to their*
*heirs:* 4 Strob. Eq. 37; 57 N. C. 387.    *Defendant, J. F. C.,*
*takes to the exclusion of others, as the only member of desig-*
*nated class; fees defeasible:* 2 Blackstone Com. 109; 4 Kent.
8; 155 Mass. 171; 15 S. C. 443; 1 Hill 181; 32 S. C. 563;
46 S. C. 273; 27 S. C. 479; 2 McC. Ch. 214; 1 Hill 311; 23
S. C. 224; 26 S. C. 450; 2 McC. 440; 1 Strob. Eq. 84; 4
Vesey 692; 10 Vesey 195; 4 Rich. Eq. 262; 59 S. C. 4; 25
S. C. 358; 95 S. C. 86.

*Mr. M. P. DeBruhl,* also for respondent, submits: *Gift*
*over after fee ineffectual:* 16 S. C. 303; 17 S. C. 532; 26 S.
C. 677; 57 S. C. 173; 69 S. C. 292; 76 S. C. 36; 2 Strob.
Eq. 101; 1 Hill Ch. 265; 64 S. C. 680; 67 S. C. 130; 6

Rich. 54; Fearne, Remedies, p. 371, ch. VI, sec. 8. *Fee defeasible:* 38 S. C. 45; 4 Rich. Eq. 262; 1 Bailey 100. *Only survivor of class to whom gift over was limited can take:* 1 Hill Ch. 311; 19 S. C. 350; 24 S. C. 362; 2 McC. 257. *The predeceased ones or their representatives are excluded:* 5 Rich. Eq. 324; 25 S. C. 462; *Id.* 289; 22 S. E. 823; 2 Hill Ch. 41.

August 12, 1915.

The opinion of the Court was delivered by Mr. Justice Hydrick.

Omitting the description of the land, and the reservation to the grantor, the deed to be construed reads as follows:

"Know all men by these presents that I, Albert J. Clinkscales, of the county of Abbeville, of the State aforesaid, for and in consideration of the natural love and affection I have and bear for my two sons, James F. Clinkscales and John T. Clinkscales, of the said State and county, have granted, bargained, sold and released unto the —— James F. Clinkscales and John T. Clinksales, all that plantation or tract of land in said State and county of Abbeville, containing twenty-four hundred and twenty-six acres, more or less, *in the following way and manner, and with the limitations and reservations below expressed,* namely, the western half or moiety of the said tract of land to James F. Clinkscales, and the eastern moiety or half to John T. Clinkscales, between whose parts or moities a division line will be run hereafter through the said land by the said Albert J. Clinkscales, dividing the said tract, and when so divided, the said moieties and part will be held in severalty by the said James F. Clinkscales and John T. Clinkscales, respectively, *with this limitation, if either the said James F. Clinkscales or John T. Clinkscales should die leaving no issue living at the time of his death, the brothers and sisters of the said James F. Clinkscales and John T. Clinkscales, who may die without issue aforesaid, shall take, have and hold such lands, to*

*them the said brothers and sisters, their heirs and assigns as
tenants in common in fee simple,* the said Albert J. Clink-
scales reserving, etc. (here follows the reservation to him-
self). Together with all and singular the rights, members,
hereditaments and appurtenances to the premises belonging
or in anywise incident or appertaining. To have and to hold
all and singular, the said premises and the moieties when
division is made as aforesaid *to the said James F. Clink-
scales and John T. Clinkscales, respectively, and their heirs
and assigns, respectively, subject to the limitation over to
their brothers and sisters as aforesaid,* and reservation of
interest and use to Albert J. Clinkscales as aforesaid. And
I do hereby bind myself, my heirs, executors and adminis-
trators to warrant and forever defend all and singular, the
said premises to the said James F. Clinkscales and John T.
Clinkscales, *granted and released to them as aforesaid and
to theirs heirs and assigns* against me, the said Albert J.
Clinkscales, my heirs and assigns, and against every person
whomsoever lawfully claiming or to claim the same or any
part thereof."

At the date of this deed (1876), the grantor had four
children—the two sons named therein, and two daughters,
Ellen and Elizabeth, both of whom predeceased him, intes-
tate, each leaving one child as her only heir at law. Ellen
left the plaintiff, Mrs. Smith, and Elizabeth, the defendant,
Mrs. Thomson. One of the sons, John, died, in 1912, with-
out issue, leaving a will wherein he devised his moiety of
the land to his brother James. The grantor died, in 1895,
and the plaintiff and defendants, James and Mrs. Thomson,
are his only heirs at law. James is the only surviving child
of the grantor.

The Circuit Court held that, under the deed, John took a
fee simple absolute in his moiety, and, therefore, his devise
to James was good; and, further, that, even if the limitation
over, on the death of John without issue, should be held to
be good, the same result would follow, because the gift over

16—102

was to a class, and James was the only member of the class in existence at the time the gift took effect.

The purpose of all rules of construction is to ascertain the intention. When this is done, effect must be given to it, if it can be done without violating any settled rule of law. In ascertaining the intention, "it is necessary that the whole instrument should be considered, and effect must, if practicable, be given to every clause and word in it." *Shaw* v. *Robinson,* 42 S. C. 342, 20 S. E. 161. Another rule applied in the construction of deeds is, that of two irreconcilably repugnant clauses, the *first* shall prevail. But this is a rule of last resort to be applied only, "when all reasonable modes of reconciling the apparent repugnancy have failed." *Bowman* v. *Loke,* 35 S. C. Eq. (14 Rich. Eq.) 271. It is subject, too, to the paramount rule that the intention, as gathered from the whole instrument, shall prevail. 1 Dev. on Deeds, sec. 213, *et seq.; Carl-Lee* v. *Ellsberry,* 82 Ark. 209, 101 S. W. 407, 12 L. R. A. (N. S.) 956, and note. These principles are elementary and are recognized and applied in all our decisions.

Let us, then, examine this deed, in the light of these principles, to ascertain the intention of the grantor. In the premises, he declares that the grant is made *"in the following way and manner, and with the limitations and reservations below expressed;"* then, he declares that, after division, the sons shall hold their moieties in severalty, but *"with this limitation, if either * * * should die, leaving no issue living at the time of his death,"* his brothers and sisters shall take his moiety, *"to them, their heir and assigns * * * in fee simple."* Thus far, as no words of inheritance are used in the grant to the sons, under our decisions, they would take only a life estate. But the deed must be construed as a whole, and, if possible, effect must be given to every word and clause in it. Therefore, looking to the *habendum,* we find that it is to James and John, respectively,

"*and their heirs and assigns, respectively,*" not absolutely, but "*subject to the limitation over to their brothers and sisters, as aforesaid.*"   We cannot take this habendum in part, and use it to enlarge the estate previously given, without giving full effect, if practicable, to the condition therein expressly referred to upon which alone that estate may be enlarged. Therefore, the words "heirs" there found cannot be used to enlarge John's estate, except in so far as it may be done consistently with the previous limitation over, to which its enlargement is expressly made *subject,* that is, it must yield to the contingency therein expressed.   If we couple the word "heirs" in the *habendum* to the granting clause so as to give John a fee simple absolute, we completely ignore both the limitation over in the granting clause, and also the express reference to that limitation in the *habendum* itself wherein the use of the word "heirs" is expressly qualified. This would violate the rule that the limitation over, being in the *first* part of the deed, should have preference, and also the rule that effect must be given, if practicable, to every word and clause in the deed, and it would defeat the clearly expressed intention of the grantor.   Note, also, that even the warranty is not to James and John and their "heirs," without qualification, but it is of the estate granted, "*as aforesaid.*"

Giving effect to all parts of the deed, the conclusion is irresistible that the grantor did not intend that John should take a fee simple absolute.   It is equally clear that he did intend that he should take the entire estate, if he left issue; but, if not, that it should go to the grantor's other children and "*their heirs and assigns, as tenants in common, in fee simple.*"   Therefore, John took a defeasible fee, which was defeated on his death without issue.

The limitation over is not void, as supposed, because it violates the rule that a fee cannot be limited after a fee in a common law conveyance.   This is not a fee mounted upon a

fee, but a fee to take effect in place of, or by substitution for, another which depended upon a contingency. In *Bowman* v. *Lobe,* 35 S. C. Eq. (14 Rich. Eq.) 271, similar limitations in a deed were construed. There, the grantor gave to his six sons certain lands, *"during their natural life,"* and added, in the granting clause, *"if any of my sons die without an issue of the body, the lands mentioned above to be equally divided among my sons above mentioned that are then living."* Then, after reserving a life estate to himself, he said: *"At my death, it (meaning the land) shall be immediately transferred to my sons * * * as above mentioned, to their heirs and assigns."* After the death of the grantor, B, one of the sons, died without issue, leaving two brothers surviving him. *Held,* that B's estate did not descend to his heirs; that he took a fee, defeasible on his death without issue, and, that contingency having happened, the estate went over to the surviving brothers, under the limitation in the deed. The Court said: "There was not a fee mounted upon a fee, but a fee made subject to a contingency, whereby it was defeated. * * * That such contingent or conditional limitation may be made by deed, the authorities cited in the standard works, to which reference has just been made, will show." The Court referred to 4 Kent 210, where the author says: "The rule (in Shelley's case) does not operate so as *absolutely* to merge the particular estate of freehold, where the limitations intervening between the preceding freehold and the subsequent limitation to the heirs, are contingent, because that would destroy such intervening limitations. The two limitations are united, and executed in the ancestor, only until such time as the intervening limitations become vested, and then they open and become separate, in order to admit such limitations as there arise."

Fearne, Remainders, says, at page 273: "However, we are to remember, that although a fee cannot, in a conveyance at common law, be mounted on a fee; yet two or more

several contingent fees may be limited merely as substitutes
or alternatives one for the other, and not to interfere; but so
that one only take effect, and every subsequent limitation be
a disposition substituted in the room of the former, if the
former should fail of effect.    Thus in the above cited case
of *Loddington* v. *Kime,* it was held, that the first remainder
was a contingent remainder in fee to the issue of A, and the
remainder to B was also a contingent fee, not contrary to,
or in any degree derogatory from, the effect of the former,
but by way of substitution for it.    And this sort of alterna-
tive limitation, was termed a contingency with a double
aspect.    For if A had issue male, the remainder was to
vest in that issue in fee; but if A had no issue male, then it
was to vest in B in fee; and these were limitations of which
the one was not expectant upon, and to take effect after, the
other, but were contemporary; to commence from the same
period, not indeed together, but the one to take effect in lieu
of the other, if that failed."    These authorities are directly
in point and show that the limitation over in this deed does
not violate the rule, for it was not to take effect *after* the
limitation to John and his heirs, but in lieu of it, if it failed.

The limitation over being good, who shall take under it?
That question is answered by the Court in *McMeekin* v.
*Brummet,* 11 S. C. Eq. (2 Hill's Ch.) 638.    There, the gift
was by deed to the use of C. P. and if she
died without issue, then, "to the sons of S. B.
and D. B. and their heirs forever."    C. P. died
without issue.    At date of the deed, S. B. and D.
B. (the donors) had each one son living, and after-
wards S. B. had other sons who died, and the son of D.
B. died before C. P., at whose death the only living son of
either of the donors was the son of S. B. who was living at
the time of the gift.    *Held,* that the limitation over was
good; that it was to the sons of S. B. and D. B. living at the
time of the gift, as if it had been to them by name, and the
representative of the deceased son of D. B. was entitled to

one-half the property, but the representatives of the deceased sons of S. B. who were born after the gift were excluded. It was argued there, as here, that the gift being to a class, none could take, except those who answered the description at the time the gift over took effect, and, therefore, as the son of S. B. was the only son of either of the donors in existence at the death of C. P. he alone could take under the limitation.  But the Court said: "A deed or gift *inter vivos,* speaks *at the time of its execution,* and the grantee or beneficiary under it, must be such as answers the description *at that time.*  I do not mean to say, that a contingent future interest may not be given by deed, to a person not in existence, *but that intention must be plainly expressed in the instrument; and if there be a person to answer the description at the time, it will never be applied to another coming afterwards into existence who may come within the terms of the description."* (Italics added.) Again, after considering the difference between wills and deeds, the Court said: "In a conveyance, the words are taken to apply only to those living *at the time of execution;* and the Court will not extend it to others, *unless it is absolutely impracticable to give it any other construction.*  An exception is made to the general rule in the case of a will; there is no such exception in the case of a deed."  (Italics added.)

Answering the question whether, the interest being contingent, the representative of the deceased son of D. B. could take, it was held that he could, notwithstanding the remainder was contingent.  The Court said: There is no doubt that such a remainder is transmissible, when the existence of the remainderman himself at the time of the event does not constitute the contingency; and, further, supposing the entire estate to be given to C. P., subject only to be divested in the event of her dying without issue, "the rule is * * * that a possibility coupled with an *interest* is assignable, descendible, or devisable."  To the same effect is

*Pritchett* v. *Cannon,* 31 S. C. Eq. (10 Rich. Eq.) 394, and numerous other cases in our reports.

We must conclude, therefore, that when the grantor limited the estate over, on the death of John without issue, to his "brothers and sisters,' their heirs and assigns," his intention was to provide for his children then in existence and their heirs. The fact that the plural word "brothers" is used, when there was only one brother, does not warrant the inference that he intended to include after-born children. In the limitation over, he was speaking of his children collectively, and the use of the plural is not unnatural. The intention to provide for after-born children cannot, in a deed, under the rule stated in *McMeekin* v. *Brummet,* be predicated upon so slight a circumstance. If such intention had existed, surely it would not have been left to such a doubtful inference, when it could have been so easily expressed. In *Holeman* v. *Fort,* 21 S. C. Eq. (3 Strob. Eq.) 66, the deed of gift was to the "joint heirs" of the daughter and son-in-law of donor. They had two children living at date of the deed. Others were born afterwards. It was held that those living at the date of the deed took and the after-born were excluded.

In *Kitchens* v. *Craig,* 17 S. C. L. (1 Bail.) 119, there was a deed of gift to the "heirs" of Frances Kitchens, who was then alive, and had three children. Others were born afterwards. It was held that those in existence at date of the deed took to the exclusion of the after-born. As we have seen, the same rule was applied in *McMeekin* v. *Brummet.* Here, there are no after-born; but the use of the plural word "brothers" is laid hold of to raise by implication an intention to provide for the after-born, not to let them into the distribution, but solely for the purpose of making the existence of the remaindermen constitute the contingency upon which they are to take, and thereby destroy the transmissibility of the interests vested in them under the deed, and so defeat the clear intention of the grantor.

Having concluded that there was no intention to include the after-born, it is unnecessary to inquire what would have been the result, had they been included. It is not conceded, however, that it would have destroyed the transmissibility of their interests. For, in the case supposed, in the absence of words importing survivorship, could it be said that the existence of the remaindermen at the time of the event constituted the contingency upon which they were to take?

The foregoing construction of the deed and its limitations harmonizes and gives effect to all parts of it, and gives effect to the intention of the grantor, without violating any rule of law, and it is not at variance with any of the decisions of this Court which are relied upon to sustain the Circuit decree, as examination of the cases will show.

*Adams* v. *Chaplin,* 10 S. C. Eq (1 Hill Ch.) 265, is not in point, for that was the construction of a will in which the limitation over was held to be void, because it was too remote, being after an indefinite failure of issue. *Moore* v. *Sanders,* 15 S. C. 440, was also a devise of a fee simple absolute—"to dispose of as he may think fit," but if he should die without leaving a will, *over.* The limitation over was held to depend upon a condition subsequent which was void, because repugnant to the estate devised. It was like the devise in *McAlister* v. *Tate,* 45 S. C. L. (11 Rich. L.) 509, which was "in fee simple for life." *Edwards* v. *Edwards,* 21 S. C. Eq. (2 Strob. Eq.) 101, was a deed to W. and T., *their heirs and assigns forever,* under and subject to this proviso, that if the said W. or T. should die without lawful issue of their bodies, *over.* The proviso was clearly and irreconcilably repugnant to the absolute estate *first* granted, and, therefore, void. Besides, the limitation over was after an indefinite failure of issue, and void for remoteness. *Allen* v. *Folger,* 40 S. C. L. (6 Rich. L. 54), was a deed to A. *"and the heirs of her body,* and in case of her death before she has an heir," *over.* The limitation over was void as an attempt to limit a fee upon a fee conditional. *Ex parte*

*Yown,* 17 S. C., was a deed to S., *her heirs and assigns* (for and during her natural life, should she die without issue). *Habendum* unto "S., her heirs and assigns, for and during her natural life, as aforesaid. Should she die without bodily issue the said tract of land to revert to the children of D. But should she have a child or children, then the said land to rest (vest?) in them absolutely forever." *Held,* that the estate *first* conveyed was a fee simple absolute, and that the *subsequent* words were repugnant to that estate, and that the limitation over was an attempt to create an executory devise which could not be done by deed. *Glenn* v. *Jamison,* 48 S. C. 316, 26 S. E. 677, was a deed to H., *"her heirs and assigns forever* * * * provided, nevertheless, these presents are upon the condition that should H. die leaving no lawful issue of her body, *over. Habendum* to H., *her heirs and assigns forever,* subject to the conditions and limitations hereinbefore expressed," followed by a general warranty to H., her heirs and assigns. *Held,* that H. took a fee simple absolute. The proviso was clearly and ireconcilably repugnant to the absolute estate *first* granted, and, therefore, void. *Clinkscales* v. *Clinkscales,* 91 S. C. 59, 74 S. E. 121, and *Egan* v. *Touchberry,* 93 S. C. 569, 77 S. E. 706, are both cases in which the grant of a fee simple absolute is *followed* by words imposing conditions and limitations clearly and irreconcilably repugnant to the grant. *Chavis* v. *Chavis,* 57 S. C. 173, 35 S. E. 507, was a deed to S. upon condition that she hold and enjoy it for life, and "after her death, to go to all her children." Other conditions not pertinent to the construction followed. *Habendum,* unto S., *"her heirs and assigns forever." Held,* that by the granting clause, S. took a life estate, and her children took a life estate *after* her; that the *habendum* enlarged her life estate into a fee simple, the main intention as gathered from the whole deed, being to vest a fee simple in her; that the life estate to the children was a secondary intention and was repugnant to the main intention and to the fee thereby created. It will be

seen at once that this deed is more nearly like the deed in this case than any of the others,—especially in that resort was had to the *habendum* to enlarge the estate previously given, and thereby destroy an estate intermediately given. But it is materially different in that there is no qualification of the use of the words "heirs and assigns" in the *habendum,* which are to "*S., her heirs and assigns forever,*" while here those words are expressly made "*subject to the limitation over as aforesaid.*" Another radical difference is that upon consideration of the whole deed in that case, the intention appeared to give S. a fee simple absolute, while a like consideration of the deed in this case shows no such intention, but, as has been shown, the intention that John's estate should determine on his death without issue.

Judgment reversed.

MESSRS. JUSTICES WATTS and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY, *dissenting.* The following statement appears in the record:

"This action was brought by the plaintiff, in 1913, for the partition of about 1,240 acres of land, being half of a tract of land formerly owned by Albert J. Clinkscales. On February 29, 1876, the said A. J. Clinkscales made a deed of the entire tract, and it is the construction of this deed that is involved in this case. At that time A. J. Clinkscales had a wife, Sarah, two sons, John T. and Jas. F. Clinkscales, and two daughters, Ellen Clinkscales, who married Sullivan, and Elizabeth Clinkscales, who married Sherard. The said A. J. Clinkscales died in 1895; his wife, the said Sarah Clinkscales, never married again, and died in 1910. The two daughters of the said A. J. Clinkscales predeceased him, each leaving as her only heir at law a daughter, the plaintiff, Florence Sullivan Smith, being the daughter of the said

Ellen, and the defendant, Ellen Sherard Thomson, being the daughter of Elizabeth."

The following is a copy of the deed hereinbefore mentioned (omitting the covenant of warranty, which is in the usual form) :

"Know all men by these presents that I, Albert J. Clinkscales, of the county of Abbeville, of the State aforesaid, for and in consideration of the natural love and affection I have and bear for my two sons, James F. Clinkscales and John T. Clinkscales, of the said State and county, have granted, bargained, sold and released unto the —— James F. Clinkscales and John T. Clinkscales, all that plantation or tract of land in said State and county of Abbeville, containing twenty-four hundred and twenty-six acres, more or less, in the following way and manner, and with the limitations and reservations below expressed, namely, the western half or moiety of the said tract of land to James F. Clinkscales and the eastern moiety or half to John T. Clinkscales, between whose parts or moieties a division line will be run hereafter through the said land by the said Albert J. Clinkscales, dividing the said tract, and when so divided, the said moieties and part will be held in severalty by the said James F. Clinkscales and John T. Clinkscales, respectively, with this limitation, if either the said James F. Clinkscales or John T. Clinkscales should die leaving no issue living at the time of his death, the brothers and sisters of the said James F. Clinkscales and John T. Clinkscales, who may die without issue aforesaid, shall take, have and hold such lands, to them, the said brothers and sisters, their heirs and assigns as tenants in common in fee simple, the said Albert J. Clinkscales reserving, retaining and allowing to himself notwithstanding these presents, the right to use, possess, and enjoy the said tract and moieties thereof, without rent or return, until the said James F. Clinkscales and John T. Clinkscales shall, respectively, attain the age of twenty-one years, and also the said Albert J. Clinkscales reserving, retaining and

allowing for himself, a life interest of a moiety or half, in each of the moieties or parts when divided between James F. Clinkscales and John T. Clinkscales, as aforesaid, * * *

Together with all and singular the rights, members, hereditaments and appurtenances to the premises belonging or in anywise incident or appertaining. To have and to hold, all and singular, the said premises and the moities when division is made as aforesaid to the said James F. Clinkscales and John T. Clinkscales, respectively, and their heirs and assigns, respectively, subject to the limitation over to their brothers and sisters, as aforesaid, and reservation of interest and use to Albert J. Clinkscales as aforesaid."

If this had been a 'will instead of a deed, it would not admit of controversy, that the words therein used, would have created an executory devise.

An executory devise can not, however, be created by deed. *Rutledge* v. *Fishburne,* 66 S. C. 155, 44 S. E. 564.

The deed contemplated that A. J. Clinkscales should enjoy the use of all the lands, until James F. Clinkscales and John T. Clinkscales attained the age of twenty-one years; and, that after the land was divided, A. J. Clinkscales should have the use of a moiety during his lifetime, in each of the shares allotted by him to his respective sons.

The deed also provided that when the provision was made, the shares of the said sons should be held in severalty.

When A. J. Clinkscales died in 1895, no other persons than James F. Clinkscales and John T. Clinkscales, any longer had a life estate in the whole or any part of the moieties assigned to them in said lands. They, therefore, at that time were vested with the fee in the lands assigned to each of them.

If it was intended, that the conditional limitation mentioned in the deed was to become effective, during the lifetime of A. J. Clinkscales, then that no longer presents an open question; for the reason that John T. Clinkscales, did

not die without issue living at the time of his death, as he did not die until 1912, whereas his father died in 1895.

But, on the other hand, if the contingency upon which the sisters were to become entitled to the share of the brother dying without leaving issue living at the time of his death, was intended to take effect after the fee had become vested, then the conditional limitation which had the characteristics of an executory devise was inoperative and invalid.

"An executory devise of lands, is such a disposition of them by will, that thereby no estate vests at the death of the devisor, but only on some future contingency.   It differs from a remainder in three very material points:

1. That it needs not any particular estate to support it.

2. That by it a fee simple, or other less estate, may be limited after a fee simple." * * * 2 Bl. Com. *173.

In the present case, the conditional limitation upon which the sisters were intended to become entitled to an interest in the lands, was not supported by a precedent particular estate, nor could it be given effect without mounting a fee upon a fee, as the sons became vested with the entire fee, as soon as A. J. Clinkscales died in 1895, whereas the rights of the sisters could not accrue until the death of John T. Clinkscales in 1912, during which time, as we have shown, the conditional limitation was not supported by a precedent particular estate.

There was never any time, from the execution of the deed until the death of John T. Clinkscales, when the sisters were *vested* with any estate whatever.

The main case relied upon to show error on the part of his Honor, the Circuit Judge, in construing said deed, is *Bowman* v. *Lode,* 35 S. C. Eq. (14 Rich. Eq.) 271.

The syllabus of that case is as follows:

A, by deed, assumed to be valid as a covenant to stand seized to uses, conveyed certain tracts of land to his six sons by name "during their natural life," and "if any of my sons die without an issue of the body," remainder to the sons

then living. He then by the same deed conveyed other lands to his four daughters for life, with remainder to the survivors, on the same contingency. And, further, after reserving to himself a life estate in all the lands, he directed that "at my death it," meaning all the lands, "shall be immediately transferred to my sons and daughters as above mentioned, to their heirs or assigns." B, one of the sons, survived A, and then died, without issue, leaving two of his brothers surviving him. *Held,* that B's estate in the lands did not descend to his heirs, and, therefore, that his share could not be subjected to the claims of his creditors."

We are content to call attention to the following facts: 1. That the question now before the Court was not considered in that case, as shown by the conclusion of the Court which was as follows:

"This case does not involve any question between brothers and the children of a predeceased brother, nor any concerning accruing shares, and no intimation of opinion upon any of those question is intended to be made."

2. The brother who died without issue of his body had a life estate in the property and that was a sufficient precedent estate to support the contingency upon which the property was to go to others, who were also vested with life estates.

3. The Court in that case recognized the characteristics of an executory devise, and sustains the doctrine that an executory devise is inapplicable to a deed.

For these additional reasons, to those assigned by his Honor, the Circuit Judge, I dissent.

MR. JUSTICE FRASER, *also dissenting.* This deed is very unusual in form, and therefore the general statement of rules in the various authorities are not, in my judgment, applicable. As a general rule the office of the premises is to designate the grantor, the grantee, the consideration and the things granted. In the habendum we look for the estate

granted. In the premises the grant being made to the grantee and nothing more, there is conveyed a life estate only, and the remainder after the life estate remains in the grantor, and may be by him conveyed to the grantee. It is manifest that while the grantor may enlarge the estate in the grantee by all or a portion of the estate that remains in him, he cannot dispose of any interest that has already been granted. It is manifest that in this deed, Albert has not only granted an estate to John, but had given some sort of an estate to his (John's) "brothers and sisters." The entire residue of the estate, after John's life estate, did not belong to the grantor and he could not grant to John the entire residue, because the remainder had already passed out of him. In other words, the estate had already been made defeasible, and a contingent interest in favor of the brothers and sisters, granted that the grantor could not revoke, and was not his to release.

In *Chavis* v. *Chavis,* 57 S. C. 173, 35 S. E. 507, words were transferred from the premises to the habendum in order that the purpose of the deed might not be defeated and the intention carried out. In this deed, it is as clear to me, as can be, that Albert intended that if James and John died without issue, the portion of the one "so dying without issue," should go to his "brothers and sisters." The reiterated statement "in season and out of season," makes certain the intention.

The next question is, what interest did the "brothers and sisters" take? The answer to that question depends upon whether the gift was to individuals or to a class. The grant was to the "brothers and sisters." The Court frequently looks to the circumstances to determine the meaning of the words used. John had but one brother and the individuals did not fit the class.

In *McMeekin* v. *Brummet,* 11 S. C. Eq. (2 Hill Eq.), there were individuals in being who composed the entire class, and it was as if they had been named. In *Brown* v.

*McCall,* 44 S. C. 503, 22 S. E. 823, the grant was to children by a predeceased husband. The individuals of that class were complete and the interest transmissible. It is claimed that there is a distinction between a deed and a will. There is a distinction. The deed speaks from its date, a will from the death of the testator. More latitude is allowed in wills, but a contingent interest may be created by either.

If the grantor had said "brother and sisters," then it could have been clear that the gift over was to individuals, and they would have taken subject to the contingency that John should die without issue.

It may seem strange that a single letter should change the disposition of so valuable an estate; but when the change of a letter will change the idea, there is no power in the Court to disregard the letter. There is here a double contingency, to wit, the death of John without issue and the survival of the contingency. There is no word substituting any one for deceased members of the class.

I think James takes as the sole survivor of the class.