6762

## CRAWFORD v. ATLANTIC COAST LUMBER CO.

TIMBER.—A GRANT of all the pine trees alive and dead, standing or fallen, measuring nine inches in diameter twenty feet from butt, *now* being on the various tracts of land therein described, in consideration of seventy-five cents per acre, which amounts, after deducting one-third of the acreage for bays and branches, to $886.50, conveys to grantee all timber of specified dimensions at time of grant on bays and branches as well as uplands.

Before KLUGH, J., Berkeley, September, 1907. Modified.

Action by S. L. Crawford *et al.*, heirs at law of P. C. Crawford, against Atlantic Coast Lumber Company. From judgment for plaintiffs, defendant appeals.

*Messrs. Willcox & Willcox, Henry E. Davis* and *LeGrand G. Walker,* for appellant, cite: *The intention was to convey all the timber on both uplands and lowlands:* 23 S. C., 235; 44 S. C., 511; 28 S. C., 729; 13 Cyc., 601-602, 604-605; 42 S. C., 345; 2 Bail., 55; 23 S. C., 236; 14 S. C., 162; 66 S. C., 216. *If the last clause be not a method of payment, it is void as being in conflict with the premises:* Harp., 492; 4 McC., 198; 39 S. C., 271; 48 S. C., 282; 76 S. C., 297; 48 S. C., 316; 1 Dev. on Deeds, Sec. 14; 13 Cyc., 619; 58 Am. Dec., 751; 28 S. C., 129; 13 Rich., 85; 36 S. C., 295; 48 S. C., 431; 77 S. C., 171; 13 Cyc., 552, 620, 666; 109 Am. St. Rep., 112; 45 Am. Dec., 210; 2 Dev. on Deeds,

Secs. 837, 848, 970; 3 Pick., 277; 42 Am. Rep., 701; 23 Am. St. Rep., 785; 42 N. E., 796; 43 Am. Dec., 321; 51 Md., 180; 14 N. J. Eq., 23; 51 Cal., 640; 78 Cal., 273; 1 Strob., 143. *A deed is to be construed most strongly against the grantors,* 2 Mill, 98; 2 Strob., 156; 4 Strob., 208; 1 Strob., 143; 2 Dev. on Deeds, Sec. 848; 42 Am. Rep., 701; 43 Am. Dec., 321. *The size of the trees refers to the time of cutting:* 28 A. & E. Ency. L., 542.

February 24, 1908. The opinion of the Court was delivered by:

MR. CHIEF JUSTICE POPE. This action is for the purpose of having a deed to an interest in real estate construed. The defendant, Atlantic Coast Lumber Company, claimed, through Webber & Davis, a firm composed of Charles W. Webber and George T. Davis, to whom P. C. Crawford, ancestor of the plaintiffs herein, on September 15, 1892, made a deed containing the following grant: "The said party of the first part, P. C. Crawford, for and in considerations of the covenants, promises and agreements of the said parties of the second part hereinafter stated, does hereby grant, bargain, sell, assign, transfer and set over unto the said Webber & Davis, copartners as aforesaid, their heirs, executors, administrators and assigns, all of the pine trees, alive and dead, standing or fallen, measuring nine inches in diameter twenty feet from the butt, now being on the various tracts of land described as follows: (describing them.)" In consideration therefor Webber & Davis covenanted among other things as follows: "The said Charles Webber and George T. Davis, copartners as aforesaid, hereby covenant, promise and agree to and with the said party of the first part, P. C. Crawford, in consideration of the within agreement, to pay to the said party of the first part, P. C. Crawford, his executors, administrators and assigns, the sum of seventy-five cents (75) an acre for the said pine timber, which amounts, after deducting one-third of the total number of acres for bays, branches, etc., to the

sum of eight hundred and eight-six dollars and fifty cents (886.50)."

Plaintiffs contend that from these stipulations, it was clearly the intention of the parties to the deed to convey only the pine timber on the uplands, while that in the bays and branches remained in possession of the grantor. Defendant takes the position that all of the pine timber on all of the land was conveyed and that the provision of the covenant above quoted was intended merely as a mode of payment. His Honor, Judge Klugh, at the September, 1907, term of Court of Common Pleas for Berkeley County, decided in favor of plaintiff's contention, from which decision defendant appealed to this Court.

It is elementary that, where it is possible, without violating the legal rules of construction or the clear intention of the parties, effect should be given to every part of an instrument. *Allen* v. *Brazier*, 2 Bailey, 55; *Anderson* v. *Holmes*, 14 S. C., 162; *Shaw* v. *Robinson*, 42 S. C., 345, 20 S. E., 161; 13 Cyc., 604. Equally as fundamental is the principle that the real object of construction is to ascertain the intention of the parties. *McCown* v. *King*, 23 S. C., 235; *Brown* v. *McCall*, 44 S. C., 511, 22 S. E., 823. This intention, however, must be gathered from a reading of the whole instrument and a consideration of it in the light of certain well recognized rules of construction.

Now effect and validity can be given to each of the above quoted sections only when we regard the first as conveying the property and the second merely as a mode of arriving at the amount of consideration to be paid therefor. *Prima facie*, then, such was the intention of the parties. Such a construction is not by any means unusual or arbitrary. Not infrequently it is found expedient to incorporate such provisions in a deed or other instrument without the least intention of varying the terms of the grant. Especially in conveyances of the nature of the one here under consideration are such provisions useful. Sometimes from the scarcity of timber on certain kinds of lands, sometimes from other reasons, the grantor and grantee recognize the fact

that it would not be equitable to make the entire acreage contained in the tract upon which the timber is situated the basis of transfer. Acreage, however, is usually the basis for arriving at the amount of compensation. Therefore, a compromise is usually made as to the number of acres of actual timber to be conveyed, which number is then used in computing the consideration. This we hold was the nature of the transaction here in question.

But even were such not the case, the provision contained in the covenant could not affect the unqualified language of the grant. The authorities are unanimous that where two clauses in a deed are incompatible or contradictory, so that one or the other must fall, the first will be sustained and the latter rejected. *Jordan* v. *Neece,* 36 S. C., 295, 15 S. E., 202; *Wilson* v. *Watkins,* 48 S. C., 341, 26 S. E., 663; *Pynchon* v. *Stearns* (Mass.), 45 Am. Dec., 210; *Green Bay, etc., Co.* v. *Hewett* (Wis.), 42 Am. Rep., 701; *Maker* v. *Lazell* (Me.), 23 Am. St., 795; 13 Cyc., 619, and authorities. Such being the law, our only conclusion can be that the deed conveys all of the timber on both the uplands and lowlands.

Appellant's next contention is that the Circuit Judge erred in holding that only the timber of the specified size at the time the deed was made between the parties was conveyed. The language of the instrument is "all of the pine trees (specifying size, etc.) now being on the various tracts of land described as follows: (describing same)." "Now" implies present time; in this case, the time of the making of the deed. Therefore, if the parties to the transaction intended their language to have the usual significance, which we may well suppose they did, only the timber of the specified size at the time of the conveyance was transferred. This intention is emphasized by the fact that the grantor retained the right to use the timber under the specified dimensions for his own private purposes. In most deeds of this nature, especially in those where it is the intention of the parties that all the timber which during the period for removal attains the specified dimensions shall be conveyed,

such phrases as "at the time of cutting" or "at the time of severance" appear. *Goldsboro Lumber Co.* v. *Hines et a.l* (N. C.), 35 S. E., 458; *Herring* v. *Hardison* (N. C.), 35 S. E., 184; *Hardison* v. *Lumber Co.,* 48 S. E., 588; *Ayer, etc., Co.* v. *Davenport* (Ky.), 82 S. W., 177. Deeds containing the language of the one here being considered are given the construction we have placed upon it. *Warren* v. *Short* (N. C.), 25 S. E., 704.

The argument that such a construction is unreasonable and would lead to much inconvenience can not avail the appellant. The parties saw fit to so make their contract and they can not now be heard to complain that it is not a proper one. This Court is without power to make a new one.

It is the judgment of this Court, that the judgment of the Circuit Court be modified in the manner herein indicated.