## 8143

### CLINKSCALES v. CLINKSCALES.

LIMITATION OF ESTATES.—A conveyance to C. and his heirs forever, then reserving a life estate to grantor and his wife, and after the falling in of the life estates then to C., to have and to hold forever to her bodily heirs, carries a fee simple absolute to C.

Before GAGE, J., Anderson, May, 1911.   Affirmed.

Action by Isabella Essa Clinkscales against John William Clinkscales *et al.*  Defendants, except Alpha Ida Martin, appeal.

*Messrs. Bonham, Watkins & Allen,* for appellants, cite: *On general rules of construction:* 3 Strob. Eq. 221; 4 DeS. Eq. 459; 5 Rich. L. 189; 13 Cyc. 605; 2 Bail. 55; 42 S. C. 345; 18 Am. St. R. 803; 5 *Id.* 28; 12 *Id.* 819; 20 L. R. A. 848; 1 Rich. L. 161; 71 N. W. 196; 13 Cyc. 604-8; 2 Bail. 141.  *As to repugnancy:* 95 Am. St. R. 207; 52 Am. D. 497; 56 Am. St. R. 884; 12 S. C. 562; 13 Cyc. 618-21; 18 Am. St. R. 404; 18 S. C. 606; 5 Rich. L. 189.  *Construction of "heirs:"* 4 Words & Phrases 3248; 36 S. C. 38; 21 Hill Eq. 430; 4 Dess. Eq. 459; 25 S. C. 289; 42 S. C. 346; 67 S. C. 134; 71 S. C. 279; 3 Rich. Eq. 66; 3 Strob. Eq. 66; 23 S. C. 238; 13 Cyc. 660.  *Other cases in point:* 4

Dess. Eq. 636; 1 Bail. L. 100; 9 Rich. Eq. 303.; 14 S. C. 459; 14 Rich. Eq. 271; 42 S. C. 342.

*Messrs. J. E. Boggs* and *J. P. Carey,* contra, cite: *This deed passes fee absolute to daughter:* 48 S. C. 319; 2 Strob. Eq. 101; 6 Rich. 54; 17 S. C. 532; 69 S. C. 292; 52 S. C. 563; 13 Cyc. 666; 48 S. C. 316; 26 S. C. 564; 39 S. C. 271; 30 S. C. 184; 77 S. C. 274; 15 S. C. 440.

March 22, 1912.   The opinion of the Court was delivered by

MR. JUSTICE WOODS.   This appeal depends on the construction of the following language contained in a deed of conveyance from Reuben Clinkscales to his daughter, Isabella Essa Clinkscales: "To have and to hold, all and singular, the said premises before mentioned unto the said Isabella Clinkscales and her heirs forever, free from the control and liability of any husband she may have, reserving to myself and my wife, Isabel E. Clinkscales, the use and proceeds of all the crops, or income of whatever kind or description whatsoever, and should I die before my wife, I. E. Clinkscales, then she is to have the use and possession of the premises before mentioned for her maintenance and support during her lifetime, and at her death the said Isabel E. Clinkscales is to have, hold and forever thereafter occupy, possess and enjoy all and singular the said premises to her bodily heirs, to her and their only proper use, behoof and benefit forever, and should the said Isabel E. Clinkscales die without bodily heirs, then the above described premises is to be divided equally between her brothers and sisters, and should any one or more of her brothers or sisters die before her death, then the bodily heirs of the deceased brother or brothers or sister shall share the portion of the deceased parents."

The question is whether, subject to the reservation of the use of the land to the grantor and his wife, the daughter,

Isabella, took a fee simple absolute, or a fee simple defeasible on her death without bodily heirs, or a fee conditional.

We agree with the Circuit Judge that it is settled by authority that Isabella took a fee simple absolute. *Edmunds v. Edmunds,* 2 Strob. Eq. 101; *Allen* v. *Fogle,* 6 Rich. 54; *Ex parte Yown,* 17 S. C. 536; *Glenn* v. *Jamison,* 48 S. C. 316, 26 S. E. 677; *Chavis* v. *Chavis,* 57 S. C. 173, 35 S. E. 507.

It is the judgment of this Court that the judgment of the Circuit be affirmed.

*Only* MR. CHIEF JUSTICE GARY *and* MR. JUSTICE HYDRICK *participated in this opinion and concur.*