## 9587

### SANDFORD *ET AL.* v. SANDFORD *ET AL.*

#### (91 S. E. 294.)

1. DEEDS—CONSTRUCTION—ESTATES CREATED.—A deed granting land, "to have and to hold unto G. F. S., his heirs and assigns, forever, the conditions of said sale being: That said G. F. S. is not to mortgage or in any wise dispose of said land. And after his death it is to go to his wife and his and her children"—grants a fee simple.

2. DEEDS—CONSTRUCTION—ESTATES CREATED.—The condition following the grant therein is void, since a remainder after a fee is void, and an attempt to convey a fee and deprive the grantee of an incident of ownership is void.

3. DEEDS—CONSTRUCTION—ESTATES CREATED—"INTENTION."—While the intention of the grantor should govern, it cannot violate a rule of law; "intention" being a word of art, and signifying the meaning of the writing.

Before BOWMAN, J., Orangeburg, July, 1916.    Affirmed.

Action by Sylvanus Sandford and others against Govan F. Sandford and others. Decree for defendant, Govan F. Sandford, and plaintiffs and certain other defendants appeal.

*Messrs. R. E. Copes* and *W. B. Martin,* for appellants, cite: *As to rule of construction:* 102 S. C. 242; 75 S. C. 434. *Conditions of sale part of habendum:* 45 U. S. 353. *"Heirs" as word of purchase:* 36 S. C. 44; 14 S. E. 198; 10 S. E. 878; 94 S. C. 243; 104 S. C. 100.

*Messrs. Raysor & Summers* and *Wolfe & Berry,* for respondents, cite: *As to construction of deed:* 39 S. C. 280; 57 S. C. 175. *Common law estates conveyed by deed:* 88 S. C. 300; 76 S. C. 487; 51 S. C. 555; 46 S. C. 356; 102 S. C. 367; 101 S. C. 428. *Repugnant limitations:* 102 S. C. 243. *Repugnancy:* 102 S. C. 243; 15 S. C. 441, 442; 21 Pick. 42; 2 Bl. Com. 109; 4 Kent Com. 535; 2 Washb. R. P. 6; 2 Tiffiny R. P. 499. *Construction of legal terms:* 102

S. C. 11 and 367.   *Variance by parol:* 15 S. C. 32; 58 S. C. 132, 133.

February 8, 1917.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

Jesse Sandford conveyed to Govan Sandford a certain tract of land for a valuable consideration.   The clause of the deed that is before us for construction reads as follows:

"To have and to hold all and singular the said premises before mentioned unto the said G. F. Sandford, his heirs and assigns, forever.   The conditions of sale of the within piece of land are as follows: That the said G. F. Sandford is not to mortgage or in any wise dispose of said land.   And after his death it is to go to his wife and his and her children."

The wife is dead, leaving no children, so it is now impossible for the remainder to take effect, even if valid.   G. F. Sandford mortgaged the land.   The mortgage was foreclosed and the land purchased at the foreclosure sale by George W. Binniker.

Appellant says:

"The only questions submitted to the Court under this statement of agreed facts are as follows: (1) Did the written instrument, Exhibit A, convey to the defendant, Govan F. Sandford, said real estate in fee simple?   (2) If said written instrument did not convey said real estate to Govan F. Sandford, in fee simple, what estate therein was thereby granted to him, if any?"

1. The deed conveyed to Govan F. Sandford a fee simple. There can be no doubt about that.   There can be no doubt

that a remainder, after a fee simple, is void in a deed. It is equally clear (and no citation of authorities is necessary) that an attempt to convey an estate in fee simple and deprive the purchaser of the incidents of ownership is not effective in law. When Jesse Sandford conveyed the land to Govan F.. Sandford, and "his heirs and assigns, forever," the entire estate was gone from Jesse Sandford, and he had nothing to limit. A grantor may add to the estate conveyed by subsequent clauses, because he may make a new grant of additional rights. The grantor cannot restrict the grant, because the thing granted is gone. It may be said that this statement will give many trust estates absolutely to the trustees. This is not the result, because as soon as a Court of equity finds either from the deed itself or competent testimony that there is a trust, the Court of equity will preserve and enforce the trust, and it matters not what may be the form of the instrument.

Appellant claims that the "intention" of the parties must govern. "Intention" is a term of art, and signifies the meaning of the writing. Even the intention will not be allowed to violate a rule of law. The law does not allow the limitation of a remainder, after a fee in a deed, nor the granting of an estate stripped of its incidents. The exception that claims that the deed did not convey a fee simple to Govan F. Sandford is overruled.

2. The second question has been answered.

The judgment is affirmed.

MESSRS. JUSTICES HYDRICK, WATTS and GAGE concur in the opinion of the Court.

MR. CHIEF JUSTICE GARY concurs in the result.