WILSON *ET AL.* v. POSTON *ET AL.*

(123 S. E., 849)

1. DEEDS—"LAWFUL HEIRS" CONSTRUED AS CHILDREN.—In a deed providing that, if grantee dies without "lawful heirs," land must return to grantors' estate, *held,* that quoted words mean immediate offspring, children, heirs of the body, or issue.

2. DEEDS—LIMITATION IN GRANTING CLAUSE HELD TO CONVEY FEE SIMPLE DEFEASIBLE.—In a deed where granting clause contains no words of inheritance, but habendum is to grantee and his heirs, effect of limitation in granting clause that, if grantee should die without children, estate shall go over, is to convey a fee simple defeasible to grantee.

3. DEEDS—HABENDUM MAY BE RESORTED TO TO ASCERTAIN INTENT WHERE GRANTING CLAUSE INDEFINITE.—Where an incomplete or indefinite estate is conveyed by granting clause, resort may be had to habendum to ascertain grantor's intention.

4. DEEDS—HABENDUM REJECTED WHEN IRRECONCILABLE WITH GRANTING CLAUSE.—The habendum, when irreconcilable with granting clause, is rejected and affects grant only when it can be construed as consistent with premises.

5. DEEDS—GIFT OF REMAINDER TO BE EQUALLY DIVIDED AMONG GRANTORS' HEIRS HELD VALID; HEIRS OF GRANTOR HELD TO TAKE A LIFE ESTATE PER CAPITA AND REVERSION IN FEE PER STIRPES.—Conveyance in fee simple defeasible with remainder over to be "equally

divided" among "our heirs" creates a valid remainder, as it necessitates a distribution per capita; and under such deed, there being no words of inheritance attached to "our heirs," the heirs would take a life estate per capita, and the descended fee, not disposed of, per stirpes.

Before MEMMINGER, J., Williamsburg, December, 1923. Affirmed.

Action by *J. H. Wilson et al. v. L. J. Poston et al.,* from a judgment rendered the named defendant appeals.

The Circuit decree follows:

"This cause was argued before me orally at Kingstree during the term time, and elaborate and able written arguments have been submitted. I have studied the case out carefully and feel no doubt about the conclusion I have reached.

"The temptation to a Judge in these cases is to write an elaborate opinion covering the whole sphere of real estate law pertaining thereto, with quotations from decided cases already well known to the profession, and yet no two cases can be found where the facts and circumstances are exactly alike or precisely the same as the case for decision, so that, after all, each case has to be decided upon its facts, under general principles about which there is no dispute and no lack of knowledge among the members of the bar. This case has already been decided by a Circuit Judge one way and reversed by the Supreme Court another (see 119 S. C., 67; 111 S. E., 873); and all of the facts have been carefully set out.

"The Supreme Court decided that the deed in question did not create a fee conditional; but, as it had not been passed upon by the Circuit Judge as to whether it conveys a fee simple absolute, or a fee simple defeasible, it must be sent back for a decision upon that point.

"Without setting forth the facts or going into and quoting from the various decisions which have been cited, and which will again be before the Supreme Court, if there is

another appeal, I am satisfied that, taking into consideration the entire instrument, and giving effect to all parts of the deed, as required by the fundamental rules of construction, it is plainly apparent, and clearly manifested, that the grantors did not intend that their daughter, Jessie Wilson, the grantee, should take a fee simple absolute. From the language employed by them in the deed, and in the light of the facts and circumstances surrounding them at the time the deed was executed, as set forth in the agreed statement of facts, and considering the purpose for which the deed was executed, the conclusion is irresistible that the grantors did intend that the title to the land conveyed should revert to their heirs at law, in case the grantee should die without offspring. The deed was executed in the settlement of the estates of the grantors among their children. The unmistakable object of the parents in inserting the clause in the premises of the deed was to prevent the happening of the very thing which has taken place, and this intent can be and is carried out without any violation of any rule of law. The adoption of the construction for which the defendant Poston contends necessitates the utter defeat of the manifest intention of the grantors, and complete rejection and total disregarding of an entire clause in the deed, and that is not to be admitted, except from unavoidable necessity. No such necessity exists in this case.

"The two clauses in this deed may be made to harmonize by the application of a reasonable and common sense construction, to wit: That the grantee took a fee defeasible estate, whereby the fee to the land vested in her, subject to its being defeated by her dying without leaving direct offspring.

"In response to the question sent from the Supreme Court, the decision of this Court is: That the deed does not convey a fee simple absolute, and does convey a fee simple defeasible.

"Let a formal decree be prepared on the posting of this opinion and for carrying out the same, be prepared on behalf of plaintiffs' attorney and submitted for signature. And it is so ordered, adjudged, and decreed."

*Messrs. Lee & Shuler,* for appellants, cite: *The premises or granting clause conveyed only a life estate, no words of inheritance being used:* 51 S. C., 557; 88 S. C., 296; 101 S. C., 424; 102 S. C., 361; 109 S. C., 416. *Construction of deed:* 2 Black. Com., 175; 2 Wash. Real Property 3rd Ed., 525, 692; 75 A. S. R., 152; 24 A. & E., Enc. of Law 398; 4 Kent. Com. 13th Ed., 210; 38 S. C., 66; 102 S. C., 361; 94 S. C., 1; 96 S. C., 263; 57 S. C., 173; 8 Ann. Cas., 446; 120 S. C., 212; 39 S. C., 271; 91 S. C., 59; 48 S. C., 316; 17 S. C., 532; 21 S. C. Eq., 101; 93 S. C. Eq., 569. *Intention will not be allowed to violate rule of law:* 106 S. C., 304; 88 S. C., 296.

*Messrs. Kelley & Hinds,* for respondents.

August 7, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for the recovery of the possession of a tract of land containing 94 acres, a part of a tract containing 940 acres, which belonged at one time to Thomas R. Wilson and Mary F. Wilson, his wife. The plaintiff, and all of the defendants, except L. J. Poston and E. L. Baylor (a tenant of Poston), are heirs at law of said former owners. L. J. Poston is the grantee under a deed executed and delivered to him by Jessie M. Poston, his wife, formerly Jessie M. Wilson.

The issue of title between the parties depends upon the construction to be given to a deed by Thomas R. Wilson and Mary F. Wilson to Jessie M. Wilson, their daughter, dated July 13, 1911. The granting clause is, "Unto the said J. M. Wilson," without words of inherit-

ance, followed by this provision: "It is furthermore understood that if the said J. M. Wilson dies without lawful heirs, the above-named tract of land must return to our estate and be equally divided among our heirs." The habendum is, "Unto the said J. M. Wilson, her heirs and assigns forever." The warranty is general, "Unto the said J. M. Wilson, her heirs and assigns."

The plaintiffs contend that the deed should be construed as conveying to Jessie M. Wilson a fee simple defeasible, and that Jessie M. Wilson having died without children, under the terms of the deed the estate became vested in them as the heirs at law of the grantors; the tenants other than L. J. Poston and E. L. Baylor, his tenant, are in accord with the plaintiffs. The defendant L. J. Poston contends that the deed should be construed as conveying to Jessie M. Wilson a fee simple absolute and that he being in possession under a fee-simple deed from her, dated January 12, 1920, is entitled to the fee.

The case was first tried before his Honor, Judge Peurifoy, who filed a decree construing the deed as conveying a fee conditional to Jessie M. Wilson, and holding that as she died without issue, the land reverted to the heirs-at-law of the grantors. He accordingly rendered Judgment in favor of the plaintiffs and the defendants other than L. J. Poston and E. L. Baylor, for the recovery of the possession of the land. From that decree the defendant L. J. Poston appealed, and on April 22, 1922, this Court handed down an opinion reversing the decree of Judge Peurifoy and remanding the case for the purpose of having the question determined whether the deed conveyed to Jessie M. Wilson a fee simple defeasible, or a fee simple absolute, a question not passed upon below. 119 S. C., 67; 111 S. E., 873. Reference to the report of that appeal may be had for the agreed statement of facts which sets out in full the deed under consideration.

The case then came on to be heard by his Honor, Judge
Memminger, upon the same agreed statement as before.
See 119 S. C., 67; 111 S. E., 873.   On December 14, 1923,
Judge Memminger filed a decree, in which he held that the
deed in question conveyed a fee simple defeasible and not
a fee simple absolute, the effect of which is to justify a
judgment for the recovery of the possession of the land in
dispute, in favor of the plaintiffs and the defendants other
than L. J. Poston and his tenant.   From the decree of
Judge Memminger, which will be reported, the defendant
L. J. Poston has appealed upon exceptions which raise
practically the single question of the correctness of his
Honor's construction of the deed.

We do not think that there can be a doubt that the words
"lawful heirs," contained in the limitation, mean immediate
offspring, children, heirs of the body or issue, which under
the Act of 1853 would be referred, in point of time, to the
death of Jessie M. Wilson.   In her situation, so far as
family relations were concerned, it was a practical impossi-
bility for Jessie M. Wilson to have died without a single
legal heir, in the technical sense of the word.   At the time
of the execution of the deed she had a father and mother,
eight brothers and sisters, uncles, aunts, nieces, nephews,
and cousins without number.   The parties who were to
take upon the happening of the breach of the condition were
the heirs of her father and mother; these heirs in large
measure would also have been her heirs.   To construe the
words in their technical sense would place the grantors in
the absurd attitude of creating a limitation over in favor of
their heirs, upon the impossible theory that the persons
answering that description would not be at the same time,
necessarily, the heirs of their daughter Jessie, the grantee;
in which event, of course, Jessie would not have died with-
out lawful heirs, and the limitation over, dependent upon
that contingency, could not go into effect.   In fact, the
counsel for the appellant concedes that construction of the

words. *Du Bose v. Flemming,* 93 S. C., 182; 76 S. E., 277. *Hayne v. Irvine,* 25 S. C., 289. *McCown v. King,* 23 S. C., 232. *Swann v. Poag,* 4 S. C., 16. *Cloud v. Calhoun,* 10 Rich. Eq., 358. *Holeman v. Fort,* 3 Strob. Eq., 66; 51 Am. Dec., 665. *Moone v. Henderson,* 4 Desaus. 459. *Bailey v. Patterson,* 3 Rich. Eq., 158. *Ramsay v. Joyce,* McMul. Eq., 236; 37 Am. Dec., 550.

Construing the words " lawful heirs," then, as children," we come to this question:

"In a deed, where the granting clause contains no words of inheritance, but the habendum is to the grantee and his heirs, what is the effect of a limitation in the granting clause that if the grantee should die without children the estate shall go over?"

We have no doubt that it was the intention of the grantors that Jessie M. Wilson should have the fee-simple title to the land, but that, if she died without leaving children, her fee-simple title should terminate and the land should be equally divided among the heirs of the grantors. We concede, however, that this intention, so plainly indicated, cannot be allowed effect, if in so doing the established rules of construction be contravened.

It will be particularly noticed that in the granting clause there are no words of inheritance attached to the grantee's name. Every case, without exception, cited to destroy the conditional limitation contains a complete fee simple or fee conditional conveyance in the granting clause. *Edwards v. Edwards,* 2 Strob. Eq., 101, construed a deed "to W. & T., their heirs and assigns." *Allen v. Folger,* 6 Rich., 54, "to A. and the heirs of his body." *Ex parte Yown,* 17 S. C., 532, "to S., his heirs and assigns." *Glenn v. Jamison,* 48 S. C., 316; 26 S. E., 677, "to H., her heirs and assigns." *Clinkscales v. Clinkscales,* 91 S. C., 59; 74 S. E., 121, the same. *Egan v. Touchberry,* 93 S. C., 569; 77 S. E., 706, the same. The decisions are based upon the specific ground that a complete estate, created in the granting clause, cannot

be cut down by superadded words, either in the granting clause or in the habendum. Therefore where a complete estate is not created in the granting clause, which contains a conditional limitation, and resort must be had to the habendum for the purpose of enlarging the incomplete estate created by the granting clause, the granting clause must be taken as it stands, with the conditional limitation.

Where an incomplete or an indefinite estate is conveyed by the granting clause, as for instance where no words of inheritance accompany the grant, which by implication is construed to be a life estate, resort may be had to the habendum for the purpose of ascertaining the intention of the grantor, and thus an implied life estate may be enlarged into a fee simple. In *McLeod v. Tarrant,* 39 S. C., 271; 17 S. E., 773; 20 L. R. A. 846, referring to the propriety of resorting to the habendum in such cases, the Court says:

"Why is this allowed? Is it not because the intention of the grantor is thus made clear to vest an estate in fee rather than a life estate?· Thus the cardinal principle governing the construction of deeds is made to appear, viz. that the intention of the grantor, if consistent with law, must govern."

In the case of *Berry v. Billings,* 44 Me., 416; 69 Am. Dec., 107, cited by Chief Justice McIver, dissenting in *McLeod v. Tarrant,* it is said:

"But where no estate is mentioned in the granting clause, then the habendum becomes efficient to declare the intention, and it will rebut any implication which would otherwise arise from the omission in this respect in the preceding clause."

In *Chancellor v. Windham,* 1 Rich., 161; 42 Am Dec., 411, it is said:

"Large and more sensible rules of construction require that the whole deed should be considered together, and effect be given to every part, if all can stand together consistently

with law; that an exposition favorable to the intention should be made, if not contrary to law; that the intention should be regarded as looking rather to the effect to be produced than the mode of producing it; that too minute a stress should not be laid on particular words, if the intention be clear—and that, if the deed cannot operate in the mode contemplated by the parties, it should be construed in such manner as to operate, if possible, in some other way."

In *McCown v. King,* 23 S. C., 232, there was a conveyance "to A.," habendum "to A., his heirs and assigns forever," warranty to "A. and his heirs," followed by a clause, "in trust for the heirs of his body, etc." It was held, agreeably with the rule of intention, that A. did not take a fee simple absolute, but held as trustee. The Court held that it was legitimate to transpose the trust clause into the granting clause to sustain the construction announced. So that there was presented a deed in the granting clause "to A.," without words of inheritance, followed as a part of it by the trust clause, and then by the habendum "to A., his heirs and assigns forever." It might just as well have been argued in that case that as the granting clause contained no words of inheritance, resort was permitted to the habendum, which did contain such words, for the purpose of ascertaining the intention of the grantor; that that intention was shown to be to convey a fee simple absolute, and that the transposed clause must be annihilated. In the case at bar, it is not necessary to resort to transposition, for the conditional limitation is already in the granting clause. Would if not be remarkable to permit a resort to the habendum for the purpose of ascertaining the implied intention of the grantor, and then to give the habendum the effect of destroying the expressed intention of the grantor contained in the very clause from which his intention is sought?

In *Ingram v. Porter,* 4 McCord, 198, it is decided:

"Where the habendum of a deed is so wholly inconsistent with and repugnant to the premises, so that they cannot

stand together, the habendum must be considered as void, and if the premises pass anything the grantee shall hold."

In *Pitts v. Mangum,* 2 Bailey, 588, it is said:

"The case of *Ingram v. Porter,* decides, that where the habendum of the deed is wholly inconsistent with the premises, it must be rejected; on the old and familiar principle, that the first part of a deed shall prevail over, and control, a subsequent clause inconsistent with it."

In *Crawford v. Lumber Co.,* 79 S. C., 169; 60 S. E., 446, it is said:

"The authorities are unanimous that where two clauses in a deed are incompatible or contradictory, so that one or the other must fall, the first will be sustained and the latter rejected"—citing many cases.

"Where there is a definite limitation in the words of the grant, and there is a conflict between them and the habendum, the latter must yield." 1 Dev. Deeds, § 214.

"The habendum, when irreconcilable with the granting clause, is to be rejected, and is to affect the grant only when it can be construed as consistent with the premises." 1 Dev. Deeds, § 220.

In *Smith v. Smith,* 71 Mich., 633; 40 N. W., 21, it is held that when the habendum is repugnant and contrary to the granting clause it is void and that "it can only affect the grant when it can be construed as consistent with the premises."

In *Hunter v. Patterson,* 142 Mo., 310; 44 S. W., 250, it is held that general words in the habendum cannot control or govern special words of limitation used in the grant or premises of a deed.

There does not appear to be a doubt that if the habendum had not contained words of inheritance, the conditional limitation would not have been at all inconsistent with the life estate by implication conveyed by the granting clause, and would stand. And if the habendum, with its words of inheritance, is given the effect of conveying the fee simple

absolute to the grantee, and of destroying the conditional limitation contained in the granting clause, the habendum is obliged to be inconsistent with and repugnant to the granting clause. The inconsistency of the habendum with the granting clause, however, is easily reconciled by giving it full effect in enlarging the implied life estate to a fee simple retaining the conditional limitation, and converting the fee simple absolute into a fee simple defeasible.

In *Smith v. Clinkscales,* 102 S. C., 227; 85 S. E., 1064, the deed was to James and John without words of inheritance in the granting clause, followed by a conditional limitation; the habendum was to James and John, their heirs and assigns, "subject to the limitations over to their brothers and sisters as aforesaid." The Court held that the habendum, which was resorted to for the purpose of enlarging the implied life estate must be taken along with the conditional limitation expressed in the granting clause and referred to in the habendum. "If we couple the word 'heirs' in the habendum to the granting clause so as to give John a fee simple absolute, we completely ignore both the limitation over in the granting clause, and also the express reference to that limitation in the habendum itself wherein the use of the word 'heirs' is expressly qualified. This would violate the rule that the limitation over, being in the first part of the deed, should have preference, and also the rule that effect must be given, if practicable, to every word and clause in the deed, and would defeat the clearly expressed intention of the grantor." There is this difference between this case and the case at bar: There is no reference in the habendum, in the case at bar, to the conditional limitation in the granting clause, as there is in the *Smith v. Clinkscales Case.* But it must be presumed that the habendum was made subject to all that preceded it, which would have the same effect as if it had been specifically mentioned; particularly so, when it appears that to give the habendum the effect of annihilating the conditional limitation in the granting clause; "would

violate the rule that the limitation over, being in the first part of the deed, should have preference, and also the rule that effect must be given, if practicable, to every word and clause in the deed, and it would defeat the clearly expressed intention of the grantor"—a rule which obtains independently of the question whether or not the habendum may specifically refer to the conditional limitation. The Court in the *Smith v. Clinkscale Case,* accordingly held that James and John each took under the deed a fee simple defeasible.

But it is contended that as there are no words of inheritance attached to the words "our heirs" in the limitation over after the death of Jessie M. Wilson without children, the rule declared in Tiffany applies, namely:

"If one who has an estate in fee simple, on creating a lesser estate in favor of another by conveyance, undertakes expressly to limit by the same instrument, an estate in fee simple in his own favor, such limitation is nugatory, as being merely a transfer to himself by himself, of what he already has. It is an attempt to give himself as a remainder what he has as a reversion." 1 Tiff. R. P., 470.

And the case of *Wilson v. Telford,* 94 S. C., 1; 77 S. E., 708, is strongly relied upon as sustaining that position.

We do not suppose that it ever was or could be doubted that if a grantor should convey to another a life estate, with remainder to himself, or to his heirs, the remainder being the equivalent of the reversion, would be void. But here the limitation over is to "our heirs," to be "equally divided" among them, necessitating a distribution per capita, different from the distribution, per stirpes, which would result from the reversion. The conditional limitation over being valid, and there being no words of inheritance attached to "our heirs," it follows that the heirs would take a life estate per capita, and the descended fee, not disposed of, per stirpes. This complication, however, should not affect the right of the heirs to the posses-

sion of the property, but creates a difficulty which they must solve and in which the defendant Poston is not interested.

In the *Wilson v. Telford Case,* 94 S. C., 1; 77 S. E., 708, the limitation over was, "Then this deed is null and void, and shall again be considered as my estate," the effect of which is the same as if it had been to the grantor or to his heirs, in which event the attempted remainder was the same as the reversion, and was properly disregarded.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS JUSTICE WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.