## 11618

### BARNETT v. HUDSON *ET AL.*

#### (125 S. E., 573)

Wills—"Heirs" Construed to Mean Children, and Not Heirs at Law.—Under will devising real estate to named son of testatrix and directing that on his death without "heirs" the land should be sold and the proceeds divided equally among testator's grandchildren, the word "heirs" had reference to a child or children, and not heirs at law.

Before Townsend, J., Pickens, September, 1923. Affirmed.

Action by F. T. Barnett against Lucy A. Hudson and others. Judgment for plaintiff, and defendants appeal.

The decree of the Circuit Judge follows:

It is admitted that J. M. Clements, the testator, died September 25, 1912, leaving in force a will, in evidence, and owning a plantation of 100 acres of land. By the third clause of his will he devised this land to his wife for life, and she died March 3, 1920. By the fourth clause of said will, the testator provided: "At the death or marriage of my wife I give and bequeath unto my son, Salathiel Clements, all that portion of my plantation above mentioned lying on the southwest side of the road, leading from the mill to Secona Church, containing about fifty acres, more or less, adjoining Allen Durham on the east; Kirksey on the southeast; Mrs. Hollingsworth on the south; A. M. Morris and Mill tract on the west. Should my son die without heirs, I desire that this tract of land which I will to him containing fifty acres, more or less, be sold according to law, and the

proceeds arising from said sale to be equally divided amongst my grandchildren."

In the fifth clause of the will he provides: "The remainder of my real estate and personal property at the death or marriage of my wife, I desire sold by my executor and the proceeds arising from such sale to be equally divided amongst my five children, namely, Lucy A. Hudson, Mary Jane Mauldin, James Clements, Sarah E. Smith, and Salathiel Clements, should either of the above mentioned children be dead, then the proceeds that would be given to them, if they were alive, is to be paid to their children."

Salathiel Clements was the youngest child of the testator, and never married. He died intestate without having disposed of the land devised to him by his father, and this land is now claimed by the grandchildren of the testator under the will as against the defendants, children of the testator, the defendants above named, who were the heirs at law of Salathiel, their unmarried brother at the time of his death. The grandchildren of the testator are: Mattie Johnson, Joe Barnett, Lillie Barnett, Maud McCombs, F. T. Barnett, Bettie Freeman, Jerry Barnett, John Barnett, Gossett Barnett, Edward Hudson, W. J. Frank Smith, Ola Smith Stansell, Roy S. Smith, E. Russel Smith, Joe A. Smith, John B. Smith, M. Gertrude Smith, Fletcher F. Smith, G. Wilson Smith, Ida Smith, Elmer Mauldin, Jerry Mauldin, Lizzie Mauldin, Lessie Mauldin, Troy Mauldin, Angie Mauldin, Pearl Mauldin, Clarence Clements, and Larry Clements.

When the testator made his will, Salathiel was living with his father; his brothers and sisters, the defendants, were all then married, and living with their own families, which families included the testator's grandchildren above mentioned.

The sole contest before me is whether upon the death of Salathiel the 50-acre tract devised to him in the fourth clause of the will passed to the defendants, his brothers and

sisters as his heirs at law, or to the testator's grandchildren of whom plaintiff is one, under the limitations in said will.

The circumstances above stated, along with the context in the will, convinces me that when the testator provided, "Should (Salathiel), my son, die without heirs," he used the word "heirs" as meaning child or children. *Gibson v. Gibson,* 113 S. C., 160, 165, 167; 101 S. E., 922. *Ramsay v. Joyce,* McMul. Eq., 237, 234; 37 Am. Dec., 550. See, also, *Holman v. Fort,* 3 Strob. Eq., 66; 51 Am. Dec., 665. *Swan v. Poag,* 4 S. C., 16. *Hayne v. Irvine,* 25 S. C., 292, and *Duckett v. Butler,* 67 S. C., 134; 45 S. E., 137, cited by counsel for plaintiff. And, that upon the death of Salathiel unmarried and without his having had a child, the gift of the property to the grandchildren took effect as an executory devise. *Barber v. Crawford,* 85 S. C., 59; 67 S. E., 7. *Selman v. Robertson,* 46 S. C., 262; 24 S. E., 187. *Thompson v. Peake,* 38 S. C., 440; 17 S. E., 45, 725. *Britton v. Thornton,* 112 U. S., 526; 5 S. C., 291; 28 L. Ed., 816. *Yates v. Mitchell,* 1 Rich. Eq., 265. *Marshall v. Marshall,* 42 S. C., 436; 20 S. E., 298.

It is, therefore, ordered, adjudged, and decreed that said tract of land described in the fourth paragraph of the will of said J. M. Clements be sold by Clerk of Court for said County at public auction before the Court House in Pickens, S. C., after due advertisement, once a week for three weeks, on salesday in February, A. D. 1924, or some subsequent salesday on the following terms: One-third cash, balance on a credit of one and two years with interest on the deferred payments from date of sale, secured by the bond of the purchaser, and a mortgage of the premises sold; with an option to the purchaser to pay all cash.

It is further ordered and decreed that out of the proceeds of such sale the Clerk do pay the taxed costs in this action, and the expenses of such sale; and that he distribute the balance of the proceeds of sale amongst the grandchildren of said J. M. Clements above mentioned equally and per

capita, each grandchild to receive 1/29 part thereof, and pay over the said share to each of them accordingly, or to their attorney of record, and take his or her receipt therefor.

The lands ordered sold are described in the fourth paragraph of said will above quoted and in the first paragraph of the complaint in this action.

*Messrs. Carey & Carey, W. E. Findley* and *Dean, Cothran & Wyche,* for appellants, cite: *Vested remainder in fee simple:* 23 S. C., 512; 10 S. C., 386; 21 S. C., 529; 20 S. C., 318; 16 S. C., 290; 16 S. C., 227; 12 S. C., 172. *Surplusage after estate devised:* 109 S. C., 416; 102 S. C., 7; 119 S. C., 31. *"Heirs":* Rich. Eq. Re. Vol. 6. *Words of limitation:* Code 1922, Sec. 5343; 35 S. C., 54; 105 S. C., 38; 105 S. C., 176; 109 S. C., 228; 69 S. C., 503. *Conditions subsequent:* 15 S. C., 442.

*Messrs. D. B. Stover* and *T. H. Munro,* for respondent, cite: *"Heirs" construed to mean "children":* 3 Strob. Eq., 66; 4 S. C., 16; 25 S. C., 292; 67 S. C., 134. *Vested remainder:* 1 Strob. Eq., 43; 78 S. C., 115; 68 S. C., 275; 40 Cyc., 1648, 1671; 3 DeS. Eq., 273. *Executory devise:* 40 Cyc., 1647; 85 S. C., 54; 46 S. C., 262; Bail. Eq., 40; 38 S. C., 440; 112 U. S., 526; 42 S. C., 436. *Limitations that are void as contingent remainders are good by way of Executory devise:* 4 Strob. Eq., 37; 111 S. W., 1119; 59 Atl., 413; 45 Mass., 190; 44 S. E., 116.

December 4, 1924.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The Court is entirely satisfied with the reasoning and conclusion of the Circuit Judge. In addition to the authorities cited by him, the case of *Wilson v. Poston* (S. C.), 123 S. E., 849, appears to be conclusive of the question.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.

MESSRS. JUSTICES WATTS, FRASER and MARION concur.

MR. CHIEF JUSTICE GARY did not participate.