13339

GROCE v. SOUTHERN RY. CO. *ET AL.*
GROCE v. HARDWOOD MFG. CO.

(162 S. E., 425)

*Messrs. J. R. Martin* and *J. R. Martin, Jr.,* for appellants,

*Messrs. Blythe & Bonham* and *F. G. Tompkins,* for respondent Railway Company,

*Messrs. Mauldin & Love,* for respondents Hardwood Manufacturing Co.,

January 28, 1932.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

We have here two cases brought by the plaintiff, W. R. Groce, for damages alleged to have been sustained by him through trespass on his real estate; the cases having been tried together by consent. It appears that the defendants, Southern Railway Company and Atlanta & Charlotte Airline Railway Company, entered into an agreement, about

February, 1926, with the defendant, Hardwood Manufacturing Company, by which they granted to the latter the right or license to use a portion of their right-of-way at Paris, S. C., "as a site or location for the construction, maintenance and operation of a wood working plant for the manufacture of picker sticks and other cotton mill supplies"; and that the Hardwood Company thereupon erected, wholly or partly on the right-of-way, a building in which it operated a sawmill and a manufacturing plant, and stored its products pending shipment.

In his complaint in the case against the two railway companies and the Hardwood Company, the plaintiff alleges that the Railway Companies, as successors and lessees of the Atlanta & Richmond Airline Railway Company, hold the right-of-way in question "for railroad purposes" only, under a deed from one Alex McBee, dated February 2, 1871, their interest being only an easement, and that he is the owner of the right-of-way, subject only to this easement, along with adjacent land; and that the arrangement between the Railway Companies and the Hardwood Company and the construction by the latter of its plant on the right-of-way, over his protest and objection, are not uses "for railroad purposes" and constitute a trespass upon his property. In the complaint in the case against the Hardwood Company alone, he alleges that a portion of that defendant's plant extends beyond the limit of the railroad right-of-way onto his property; that that defendant has been using his property for the purpose of driving and parking trucks and cars used in connection with its plant, and has caused great roads to be made through it, rendering the soil unfit for cultivation; and that these acts constitute a trespass upon his property. In the one case he seeks to hold all the defendants liable for the alleged acts of trespass committed on the right-of-way; while in the other he seeks to hold the Hardwood Company liable for such alleged acts committed outside the right-of-way.

At the close of plaintiff's testimony, the Railway Companies made a motion for a nonsuit on the grounds, among others (1) that there was no evidence tending to establish title to the right-of-way in the plaintiff, and (2) that the evidence was susceptible of no other reasonable inference than that the use of the right-of-way by them was for railroad purposes. The Hardwood Company made a motion for a nonsuit on the same grounds, and on the additional ground that the testimony showed that all the buildings of that company were located within the right-of-way.

The Court granted the motion in the first case upon the ground that the use of the right-of-way in question was for railroad purposes and was not a violation of the easement granted to the railroad by McBee, and in the second case upon the ground that the plaintiff had failed to establish the allegation that a portion of the Hardwood Company's building extends beyond the limits of the right-of-way. From this order, plaintiff appeals upon nine exceptions, which he groups in his argument as presenting three questions: (1) Construction of the McBee deed; (2) evidence of trespass by defendant, Hardwood Manufacturing Company outside the right-of-way; and (3) the Railway Companies willfully acquiesced in the Hardwood Company's building outside the right-of-way.

As to the first question, appellant contends that the McBee deed to the Atlanta & Richmond Airline Railway Company did not grant the fee-simple, but only an easement "for railroad purposes," which is the construction placed on it by the trial Judge. We do not agree with this position. The deed, omitting formal parts, is as follows:

"In consideration of the benefit and advantages to me accruing by the construction of the Atlanta & Richmond Airline Railway, as well as the receipt of Five ($5.00) Dollars to me paid, I have this day bargained and sold and do hereby transfer and convey unto the said Atlanta & Richmond Airline Railway Company and its successors and assigns, all the land contained within one hundred (100)

feet in width on each side of the track, or roadway, meaning from the center of any portion of the lot of land hereinafter described, through which said railway may be constructed, run and operated, the land hereby conveyed being cut off and a portion of a certain piece, parcel or tract of land situate in Greenville County, and State aforesaid, on the Rutherford Road, about five miles from Greenville Court House, adjoining lands of Croft Joseph Edwards' land and others, and known in the survey as the lands of Vardry McBee, deceased, as tract No.

"To have and to hold said tract or parcel of land unto said Atlanta & Richmond Airline Railway Company for railroad purposes forever in fee-simple."

It will be observed that the granting clause of this deed creates an absolute estate in fee-simple in the grantee, the Atlanta & Richmond Airline Railway Company. Apparently the grantor then attempted in the habendum to limit the use of the lands so granted to "railroad purposes." It is well established that, while resort may be had to the habendum for the purpose of ascertaining the intention of the grantor where an incomplete or indefinite estate is conveyed by the granting clause, "a complete estate, created in the granting clause, cannot be cut down by super-added words, either in the granting clause or in the habendum." *Wilson v. Poston,* 129 S. C., 345, 123 S. E., 849, 851, and cases cited. Under this rule, no other conclusion is possible than that the McBee deed created in the Atlanta & Richmond Airline Railway Company an absolute fee-simple estate in the right-of-way. It follows that there could be no trespass by any of the defendants against the plaintiff, insofar as the acts done on the right-of-way are concerned.

As to questions (2) and (3), there was some evidence tending to show that a portion of the Hardwood Company's building was located on plaintiff's property outside of and adjoining the right-of-way, and that the company had access to its plant by crossing plain-

tiff's lot. On the other hand, evidence adduced by that company tended to show that its building was entirely on the right-of-way, and that its use of plaintiff's lot was permissive. These issues, therefore, as between the plaintiff and the Hardwood Company, were for the jury. However, the complaint in the case in which the Railway Companies are defendants contains no allegations as to the alleged trespass outside the right-of-way, and therefore that issue was not before the trial Court as to those defendants.

The judgment of the Circuit Court is affirmed, insofar as the case against the Railway Companies and the Hardwood Company is concerned, but is reversed insofar as the case against the Hardwood Company alone is concerned; and the latter case is remanded for a new trial for the reasons herein set forth.

MR. CHIEF JUSTICE BLEASE and MESSRS. JUSTICES CARTER and BONHAM and MR. ACTING ASSOCIATE JUSTICE DENNIS, Circuit Judge, concur.