UNITED STATES v. 31,600 ACRES OF LAND IN RICHLAND COUNTY, S. C., et al.

C. A. 391.

District Court, E. D. South Carolina, Columbia Division.

Oct. 5, 1942.

C. T. Graydon and Legare Bates, both of Columbia, S. C., for petitioner.

Fred D. Townsend and James Hopkins, both of Columbia, S. C., for respondents.

TIMMERMAN, District Judge.

This controversy concerns tract No. 213, which was condemned in the above entitled proceeding along with divers other tracts. The title to this tract of land is now vested in the government, and the compensation to be paid therefor has been fixed by a jury in this Court, "as of October 17, 1940, at Two Thousand, Two Hundred and Twenty-five ($2,225) Dollars". The ultimate issue for decision is: To whom shall the fixed compensation be paid?

The heirs at law of H. T. Dial are the claimants on one side and the heir at law of Ella Dial is the claimant on the other side.

It is agreed by the parties that H. H. Dial owned said premises in fee simple prior to and on December 3, 1933, on which date he executed and delivered a written deed conveying the said tract of land to H. T. Dial and Ella Dial. What estate was conveyed to each of said parties is the primary issue. H. T. Dial was a son and Ella Dial was the wife of the grantor. After the execution and delivery of the deed, and prior to 1936, H. T. Dial died intestate, seized of whatever estate in said premises he took under the deed from his father, and leaving as his only heirs at law and next of kin his wife, Jessie Dial, and four minor children, viz., John Dial, Leon Dial, Claude Dial and Hampton Dial.

Ella Dial, a mental incompetent, died intestate in January 1940, leaving as her heir at law and next of kin her daughter, Nezzie Hammond Ellisor.

This whole controversy depends upon the construction of the deed from H. H. Dial to H. T. Dial and Ella Dial, above referred to. The relevant portions thereof read as follows:

"Know All Men by These Presents, that I H. H. Dial in the State aforesaid, for and in consideration of the sum of Five Dollars to me paid * * * have granted, bargained, sold and released, and by these presents do grant, bargain, sell and release unto the said H. T. Dial and Ella Dial there heirs and assigns all that Peice Parcell and Tract of land Situate Lying and being in County and State aforesaid Lying and being on the North Side of Camden Wire Road Nine miles from the City of Columbia S C and Containing Seventy Seven acres of land where I now live Known as my home Tract of land with all im Provements thereon. To H. T. Dial his heirs and assings for Ever and to Ella Dial her life Time only and at Ella Dial death the Same or her one half interest to go to H. T. Dial his heirs and assings for Ever and is bounded as follows to wit on the North waters of Gill Creek and East Alleanon Dial Land and South Camden Wire Road & George Dial Land and on the West Lee Lorick land it is agreed by all Partis interest in the above said Deed that said Deed shall not be in force untill my Death and the same shall be under my controll till then and then to be as above stated

* * * * * * * *

"To have and to hold all and singular the premises before mentioned unto the said H. T. Dial his and Ella Dial her life time only Heirs and Assigns forever.

"And I do hereby bind myself and my Heirs, Executors and Administrators to warrant and forever defend all and singular the said premises unto the said H. T. Dial and Ella Dial her life Interest Heirs and Assigns, against * * *."

This deed was duly witnessed and probated on the 3rd day of November, 1933, and on April 24, 1934, it was recorded in the office of the Clerk of Court for Richland County, South Carolina, in Book "DW" of Deeds, at page 147.

Summarized, the contentions of the heirs at law of H. T. Dial are that their intestate took a fee simple title to said premises, subject only to a life estate in Ella Dial. That upon the death of Ella Dial (their intestate having predeceased her), the title to said tract of land vested in them in fee simple absolute, and that they are now entitled to the full compensation therefor.

The contentions of Nezzie Hammond Ellisor are that her intestate took an undivided one-half interest in fee in said premises under the deed of H. H. Dial, and that she is now entitled to one-half of the compensation therefor. This contestant concedes that H. T. Dial was a tenant in common with her intestate, each owning an undivided one-half interest in fee in said premises.

The deed evidently was written by a layman who was intrigued by legal ter-

minology, but who had scant, if any, appreciation of its meaning or use.

The parties agree that the grantor, H. H. Dial, parted with the fee to the premises. The heirs at law of H. T. Dial insist that the fee went to their intestate, and that Ella Dial, the other grantee, took only a life estate. They insist that a different rule of construction prevails in contests between grantees to that which prevails in contests between a grantor and grantee. The issue in question is to be decided under the law of South Carolina, and I fail to find any such distinction recognized in the adjudicated cases in South Carolina.

In addition to Tiffany on Real Property, Vol. 4, Par. 980, p. 61, counsel for the heirs at law of H. T. Dial cited: McLeod v. Tarrant, 39 S.C. 271, 17 S.E. 773, 20 L. R.A. 846; Sandford v. Sandford, 106 S.C. 304, 91 S.E. 294; Wilson v. Poston, 129 S.C. 345, 123 S.E. 849, and Groce v. Southern Railway Co., 164 S.C. 427, 162 S.E. 425.

In support of her contention counsel for Nezzie Hammond Ellisor cited: Shealy v. Shealy, 120 S.C. 276, 113 S.E. 131; Rhodes v. Black, 170 S.C. 193, 170 S.E. 158, and Keels v. Crosswell, 180 S.C. 63, 185 S.E. 39.

In McLeod v. Tarrant, supra, the question at issue was, whether the deed in question conveyed a fee simple title to one of the grantees in fee and a life estate to his wife. In the granting clause of the deed only the name of the husband was mentioned, while the habendum read to him and his wife, "their heirs and assigns, forever". Two members of the Court held that it was the intention of the grantor that the wife should take along with the husband the fee simple estate to the premises conveyed, and adjudged the deed to be sufficient to convey the legal title to the premises in question to the husband and wife as tenants in common. The other member of the Court, Mr. Chief Justice McIver, took the contrary view, holding (citing authorities in support thereof) that one could not take an immediate estate by the habendum of a deed where such person was not named in the premises, "for it is by the premises that the thing is really granted." It was pointed out in the leading opinion that the intention of the grantor, if consistent with law and well established principles of construction, should govern in the construction of a deed. The

cases discussed below, and which were decided after the McLeod case, seem more in accord with the dissent in the McLeod case than with the leading opinion therein.

In the case of Sandford v. Sandford, supra [106 S.C. 304, 91 S.E. 295], the habendum clause of the deed under consideration was as follows: "To have and to hold all and singular the said premises before mentioned unto the said G. F. Sandford, his heirs and assigns, forever. The conditions of sale of the within piece of land are as follows: That the said G. F. Sandford is not to mortgage or in any wise dispose of said land. And after his death it is to go to his wife and his and her children." The Court in construing this deed said: "There can be no doubt that a remainder, after a fee simple, is void in a deed. It is equally clear * * * that an attempt to convey an estate in fee simple and deprive the purchaser of the incident of ownership is not effective in law. * * A grantor may add to the estate conveyed by subsequent clauses, because he may make a new grant of additional rights. *The grantor cannot restrict the grant, because the thing granted is gone.*" (Emphasis added)

In this connection it may be well to call attention to the fact that the granting clause of the deed in the instant case conveyed the property in question to "H. T. Dial and Ella Dial their heirs and assings".

In the Sandford case, referring to intention, the Court said: " 'Intention' is a term of art, and signifies the meaning of the writing. Even the intention will not be allowed to violate a rule of law. The law does not allow the limitation of a remainder, after a fee in a deed, nor the granting of an estate stripped of its incidents."

In Shealy v. Shealy, supra, the deed before the Court for construction (in the granting clause) was to "Thompson L. Shealy, his heirs and assigns forever, subject to the covenants, conditions, terms, and limitations hereinafter set forth." The habendum clause: "To have and to hold, all and singular, the said premises before mentioned unto the Thompson L. Shealy, for and during the term of his natural life, and at his death to vest in fee simple to the heirs at law of the said Thompson L. Shealy and their heirs and assigns forever." The Circuit Judge held that the granting clause contained "apt words to convey a fee simple" and "that nothing in

the deed thereafter can change or cut down the estate so conveyed." The Supreme Court affirmed the opinion of the Circuit Judge, saying: "So much of the decree as adjudges that, by the granting clause, a fee-simple estate is conveyed to Thompson L. Shealy, *which cannot be cut down by subsequent clauses of the deed,* is affirmed." (Emphasis added)

In Wilson v. Poston, supra [129 S.C. 345, 123 S.E. 852], it is held: "Where an incomplete or an indefinite estate is conveyed by the granting clause, as for instance where no words of inheritance accompany the grant, which by implication is construed to be a life estate, resort may be had to the habendum for the purpose of ascertaining the intention of the grantor, and thus an implied life estate may be enlarged into a fee simple." (Citing McLeod v. Tarrant, supra) In the Wilson case, the following excerpt was quoted with approval from Crawford v. Atlantic Coast Lumber Co., 79 S.C. 166, 168, 60 S.E. 445, 446:

" 'The authorities are unanimous that where two clauses in a deed are incompatible or contradictory, so that one or the other must fall, the first will be sustained and the latter rejected'—citing many cases.

" 'Where there is a definite limitation in the words of the grant, and there is a conflict between them and the habendum, the latter must yield.' 1 Dev.Deeds, § 214.

" 'The habendum, when irreconcilable with the granting clause is to be rejected, and is to affect the grant only when it can be construed as consistent with the premises.' 1 Dev.Deeds, § 220."

In Groce v. Southern Railway Co., supra [164 S.C. 427, 162 S.E. 426], it was held: "It is well established that, while resort may be had to the habendum for the purpose of ascertaining the intention of the grantor where an incomplete or indefinite estate is conveyed by the granting clause, *'a complete estate, created in the granting clause, cannot be cut down by superadded words, either in the granting clause or in the habendum.'* Wilson v. Poston, 129 S.C. 345, 123 S.E. 849, 851, and cases cited." (Emphasis added)

In the instant case a complete estate in fee simple was conveyed in the granting clause of the deed. It cannot be cut down to a lesser estate, as to either grantee, without doing violence to a fixed principle of law governing the construction of deeds.

In Rhodes v. Black, supra [170 S.C. 193, 170 S.E. 160], the first deed construed was to "Sytha P. Black during her natural life, and to John Newton Rhoads, their heirs or assigns" in the granting clause; and in the habendum these words were used: "To have and to hold, all and singular the said premises before mentioned unto the said Sytha P. Black and John N. Rhoads, their heirs and assigns forever." The second deed read, unto "John N. Rhoads, Sytha P. Rhoads" in the granting clause, and in the habendum, "To have and to hold, all and singular the said premises before mentioned unto the said John N. Rhodes and Sythia P. Rhodes & their heirs and assigns forever." There were other words in both deeds between the granting clauses and the habendums signifying the intention of the grantor that the premises should be held by Sytha P. Black for and during her life, and after her death to "go to the said John Newton Rhoads in fee simple." The Court, in giving effect to the intention of the grantor, held that it could be done without violating any fixed principle of law or rule of construction, saying: "That one word may be construed as another when necessary to effectuate the grantor's intention." Accordingly, the word "their" was construed to mean "his" in the granting and habendum clauses of the first deed and in the habendum clause of the second deed. The effect of this was to vest title in fee simple in John Newton Rhoads, and a life estate in Sytha P. Rhoads. By way of explanation, it should be said that Sytha P. Black was unmarried when the first deed was made and married when the second deed was made. That accounts for her being referred to as "Black" in one deed and as "Rhoads" in the other.

█ Judge Greene decided this case on the Circuit, and his decree was approved in toto by the Supreme Court. Judge Greene also heard the case of Keels v. Crosswell, supra, on the Circuit, and he was again affirmed in that case. In the Keels case the deed under consideration contained the following habendum clause: "To have and to hold all and singular the premises before mentioned unto the said David Keels and his Heirs and Assigns forever. But it is the true purpose and intent of this deed or conveyance that if the within named David Keels should die without leaving any lawful heirs of his own body, that this herein conveyed tract of land shall then revert to the living or then living heirs of my estate, as it is my purpose and intent that the said David Keels shall have only a lifetime interest in and to the within conveyed

tract of land, and at his death said land to go to his lawful * * * of his own body, if any should then be surviving, and if no lawful heirs of his own body, then within written and described tract of land shall revert to the living heirs of my estate." It will be noted that in this deed the grantee was given an estate in fee simple absolute by the first sentence of the habendum clause, Then the grantor undertook to take back or modify what he had done by saying that "if [the grantee] should die without leaving any lawful heirs of his own body" that the lands conveyed should revert to the heirs of the grantor, and that it was the intention of the grantor that the grantee should only have a life estate in the premises with the same going to the lawful heirs of his body upon his death, otherwise to revert. The learned Circuit Judge held that, the grantee having first conveyed a fee simple estate, he could not limit or qualify it by superadded words, saying: "The rule has been laid down in the earliest decided cases of this state and followed to this date, as follows: 'An estate in fee simple is the entire and absolute property of the subject, and therefore, when one grants such an estate, he can make no further disposition of the property for he has already granted the whole and entire interest that it is possible for him to have.'" The Supreme Court approved this declaration of the law, and it is binding on this Court.

The Keels case differs from the Rhodes case. In the Rhodes case the granting clause simply gave a life estate to one of the grantees and the fee to the other, although in granting the fee to the other the pronoun "their" was used in the place of the pronoun "his". There was no such difficulty in the Keels case, and there is none such in the instant case.

■ It is true that all rules of construction are means to an end. They are based upon experience, and they are intended to effectuate the intention of a grantor in a deed, so long as such intention, as expressed in the writing, does not conflict with or run counter to settled principles of law or rules of construction.

In the instant case, the grantor used appropriate and adequate words to convey a fee simple title absolute to the premises in question in the granting clause. To hold that he could thereafter, in the same instrument, qualify or limit the estate already granted, would contravene fixed and definite rules of construction and law that have prevailed in South Carolina continuously since the earliest days of recorded litigation.

■ I must hold, therefore, that H. T. Dial and Ella Dial took the premises in question in fee simple as tenants in common upon the execution and delivery of the deed of H. H. Dial to them on November 3, 1933, and that their respective heirs at law and next of kin are now entitled to the compensation awarded for said premises, that is to say, one-half thereof to the heirs at law of H. T. Dial, and the other one-half to the heir at law of Ella Dial, after deducting an amount sufficient to pay the litigation costs and disbursements of this proceeding.

An appropriate order for judgment in accordance herewith will be entered upon due application being made therefor.